Martin Thomas SCHWEINLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–93–00101–CR.

Court of Appeals of Texas,
Texarkana.

March 26, 1996.

Robert G. Turner, Turner & Gotlieb, Houston, for appellant.

John B. Holmes, Dist. Atty., Timothy G. Taft, Asst. Dist. Atty., Harris County, Houston, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION ON REMAND

GRANT, Justice.

Martin Thomas Schweinle appeals his conviction of aggravated kidnapping, for which he was sentenced to fifteen years' confinement. On original submission, we affirmed his conviction, holding, *inter alia*, that the lesser included offense of false imprisonment was not raised by the evidence. *Schweinle v. State*, 893 S.W.2d 708, 715 (Tex.App.—Texarkana 1995). The Court of Criminal Appeals reversed our judgment on this point and remanded the case to this Court to conduct a harm analysis pursuant of TEX.CODE CRIM. PROC.ANN. art. 36.19 (Vernon 1981). *Schweinle v. State*, 915 S.W.2d 17, 20 (Tex. Crim.App.1996).

The Texas Code of Criminal Procedure provides that a judgment shall not be reversed for an error in a jury charge "unless the error appearing from the record was calculated to injure the rights of [the] defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial." TEX.CODE CRIM.PROC.ANN. art. 36.19. The Texas Court of Criminal Appeals has held that, under this rule, the degree of harm required to cause any individual case to be reversed depends upon whether the error was properly preserved in the trial court. *Gibson v. State*, 726 S.W.2d 129, 133 (Tex.Crim.App.1987). If the error was properly preserved at trial, any harm, regardless of its degree, is sufficient to require reversal of the conviction. *Gibson*, 726 S.W.2d at 133; *Arline v. State*, 721 S.W.2d 348, 351 (Tex.Crim.App.1986) (stating that "[c]ases involving preserved charging error will be affirmed only if *no* harm has occurred").

In the present case, Schweinle properly preserved this error by timely requesting an instruction on false imprisonment. Accordingly, any harm resulting from the trial court's failure to charge the jury on false imprisonment requires a reversal. *See Gibson*, 726 S.W.2d at 133. The Court of Criminal Appeals held that there was evidence in this case sufficient to require such an instruction. *Schweinle*, 915 S.W.2d at 20. Therefore, the jury should have been afford-

ed an opportunity to decide whether Schweinle committed false imprisonment. Because the jury was not given this opportunity, we cannot say that no harm resulted from the trial court's failure to charge the jury on false imprisonment.

This case is reversed and remanded to the trial court for a new trial.