**Edward S. HODGES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. C14–81–657–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 11, 1982.

Dennis B. Kelly, Houston, for appellant.

Travis B. Bryan, III, Bryan, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MORSE, Justice.

This is an appeal from a conviction for aggravated rape. Upon trial to a jury, appellant was found guilty and sentenced to sixty years in the Texas Department of Corrections. We affirm the judgment of the trial court.

The sufficiency of the evidence is not challenged, thus it is not necessary to detail all the facts. The testimony of the victim, a 19-year old girl, indicates that she was walking down a road when appellant pulled

up in a yellow van and asked her if she wanted a ride. After she refused, appellant opened the door, pulled her inside the van and drove her to his trailer house. Once inside the trailer house, she was bound with coat-hanger wire and raped repeatedly and brutalized. Eventually, appellant carried her out into a field and left her there in an ant infested area, still bound by coathanger wires. Once he left, the girl screamed until she was hoarse and was finally heard by a nearby resident who called the Sheriff's Department.

The defendant did not take the stand but attempted to set up an alibi defense by calling as a witness his mother, who testified that her son was at her house from 1:30 p. m. to 3:30 p. m. and from 5:30 p. m. to 9 p. m. on the day of the rape. She further testified that another man had dropped him off at her house and had left with his van. The appellant also called to the witness stand his sister, who testified that she saw him on the day of the rape at their mother's trailer house.

The appellant has come before this court with three points of error. In his first point, he contends that the trial court committed fundamental error by failing to grant a mistrial when the prosecutor commented on the failure of the defendant to take the witness stand. Appellant points out that during the final argument in the guilt or innocence phase of the trial, the following statements were made by the assistant district attorney:

> Then this mysterious man, mysterious man drove off in the van. Well, I don't know who it was. Did they bother to try to find out who it was? What his name was? I mean, if I was on trial for a possible life sentence, I might try to find out who that—
> [DEFENSE COUNSEL]: Your Honor, I object. That's a comment on the failure of the Defendant to—
> THE COURT: Sustained. The jury is instructed to disregard the last statement of the Assistant District Attorney.
> [ASSISTANT D. A.]: The Defense—I am talking about the Defense witnesses

would have attempted to obtain that witness to come before you to testify as a Defense witness. But they did not do so.
> [DEFENSE COUNSEL]: Your Honor, I object again—
> [ASSISTANT D. A.]: There was no—
> [DEFENSE COUNSEL]: —to the blatant comment upon the failure of the Defense to introduce witnesses and explain why witnesses weren't produced.
> THE COURT: Overruled.
> [ASSISTANT D. A.]: As I told you, you can consider why the Defense does not call other witnesses. That is proper. And why wasn't the mystery man here? Why don't we even know what the mysterious man's name is? Why didn't [Defendant's mother] find out what the mysterious man's name was? We don't have any of that here before us, no explanation how all of these items got over to [Defendant's] apartment.

Appellant argues that these statements constituted a comment on the defendant's failure to testify in violation of Tex.Code Crim. Pro.Ann. Art. 38.08 (Vernon 1965).

■ It is a basic and fundamental law in this state that the failure of an accused to testify may not be the subject of comment by the prosecution. *Bird v. State*, 527 S.W.2d 891 (Tex.Cr.App.1975). The test employed is whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the accused's failure to testify. *Bird v. State, supra*. It is not sufficient that the language used might be construed as an implied or indirect allusion. *Griffin v. State*, 554 S.W.2d 688 (Tex.Cr.App.1977), and cases cited therein. For indirect comments to constitute reversible error, they must call for a denial of an assertion of fact or contradictory evidence that only the appellant is in a position to offer. *Nowlin v. State*, 507 S.W.2d 534 (Tex.Cr.App.1974); *Griffin v. State, supra*.

■ In the instant case, appellant introduced testimony by his mother that he was dropped off at his mother's house by a third

**852**

party and that he "got out of his van and the other guy got under the wheel and drove off." Therefore, the appellant is not the only one who was in a position to provide the answers to the prosecutor's questions, but such questions could have been answered either by defendant's witnesses, his attorney or investigators, or by the third party who allegedly drove away in appellant's van. These comments are not comments on the appellant's failure to testify, but are comments of the failure of the defense to produce a certain witness. Appellant's point of error number one is overruled.

■ In his second and third points of error appellant contends that the trial court erred in failing to grant him a new trial. Appellant argues that he is entitled to a new trial because the assistant district attorney knew of a material and substantial piece of exculpatory evidence which was not admitted to the court or the jury and because he was denied effective assistance of counsel by reason of his trial counsel's failure to object or follow up on this. However, there is nothing in the record to indicate that a hearing was held on appellant's motion for new trial or that the trial court denied the motion for new trial which was filed by his appellate counsel. Therefore, since the record fails to reveal any factual basis for the claims asserted, such contentions are not properly presented before this court for review. *Hobbs v. State*, 433 S.W.2d 700 (Tex.Cr.App.1968).

Appellant's second and third points of error are overruled and the judgment of the trial court is affirmed.