**Freddie Joe COCKERHAM, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–85–087–CR.**

Court of Appeals of Texas, Corpus Christi.

Dec. 19, 1985.

Charles Van Cleve, Arlington, John H. Hagler, Dallas, for appellant.

Henry Wade, Dist. Atty., Dallas, for appellee.

Before SEERDEN, UTTER and KENNEDY, JJ.

## OPINION

SEERDEN, Justice.

A jury convicted appellant of aggravated robbery, and the court sentenced him to sixty years of confinement. Appellant alleges that the prosecutor commented on his failure to testify and that testimony regarding his defensive theory was improperly excluded. We agree that the prosecutor made an impermissible comment and reverse.

Appellant claims that a statement by the prosecutor in jury argument violated TEX. CODE CRIM.PROC.ANN. art. 38.08 (Vernon 1981) in being a comment on his failure to testify. The prosecutor said:

> MS. ROLF: No defense witness has come in here and told you that this man over here didn't commit that robbery.
>
> MR. LAMB: Objection, Your Honor. Counsel is commenting on failure of the Defendant to testify.
>
> THE COURT: I'll overrule.

MS. ROLF: Members of the jury, even if Mark Jolley is the kingpin of heroin here in Dallas County, every bit of evidence in this case points to the fact that this Defendant and this Defendant alone is the one who pointed that gun and demanded the money and threatened to kill them if he didn't get it. Now, that is the crux of the case.

A prosecutor may not comment on a defendant's failure to testify. For a statement to constitute a comment on the failure to testify, the language of such a statement must be either manifestly intended, or of such a character that the jury would naturally and necessarily take it to be a comment on the defendant's failure to testify. *Henson v. State*, 683 S.W.2d 702, 704 (Tex.Crim.App.1984) (en banc); *Lott v. State*, 662 S.W.2d 450, 453 (Tex.App.—Corpus Christi 1983, pet. dismissed as improvidently granted). The implication that the language used has reference to the appellant must be a necessary one. *Short v. State*, 671 S.W.2d 888, 890 (Tex.Crim.App. 1984) (en banc). If language can reasonably be construed as a reference to the defendant's failure to produce evidence other than his own testimony, it is not error. *Turner v. State*, 673 S.W.2d 688, 689 (Tex. App.—Texarkana 1984, pet. ref'd); *Perkins v. State*, 654 S.W.2d 534, 539 (Tex.App.— Tyler 1983, no pet.).

Although the prosecutor used the phrase "no defense witness," it was inescapably a reference to appellant and his failure to testify. The only persons present during the course of the alleged robbery were appellant, the complaining witness Mark Jolley, his wife Julie Jolley, and the Jolleys' infant son. Mark and Julie testified, and the infant could not be expected to testify. This leaves only appellant who was alleged present and who could deny the robbery. Although the comment was indirect, it was impermissible, and the overruling of appellant's objection was error. *Cook v. State*, 702 S.W.2d 597 (Tex. Crim.App., 1985) (on motion for rehearing) (en banc); *Garrett v. State*, 632 S.W.2d 350,

351 (Tex.Crim.App.1982); *Cherry v. State,* 507 S.W.2d 549, 550 (Tex.Crim.App.1974).

The error is harmless only if we can determine beyond a reasonable doubt that the error did not contribute to the verdict. *Cook* at 601; *Bird v. State,* 527 S.W.2d 891, 895 (Tex.Crim.App.1975). We review the totality of the facts and arguments to make this determination, resolving it according to the probable effect the argument has on the minds of jurors. *Cook* at 601; *Garrett* at 353–354.

The State's evidence was that complainant Mark Jolley lived in a Dallas apartment with his wife Julie and their infant son. On April 18, 1984, Julie answered the door. Appellant was there and briefly asked about a neighbor. On April 21, 1984, appellant knocked on the back door while Julie was at another apartment. Appellant again asked about a neighbor. Mark said that Julie might know, and he could wait for her. Appellant then entered, held a gun on Mark, and demanded money. Mark, who was carrying his son, went in the living room. Julie returned and both Mark and appellant sat down, appellant hiding the gun in his pocket. When Julie took the child into another room, Mark located the money, which was about $700. Appellant took it, and threatened to kill the Jolleys if they left within 30 minutes. (They had no telephone). However, Mark was able to see the car in which appellant left and read the first two numbers of the license plate. Later, both Mark and Julie independently identified appellant from a photographic lineup.

The defense theory was that the Jolleys accused appellant of robbery as a result of a drug deal. The defense called Cindy Martinez, a neighbor who knew appellant. She claimed that Julie had said she could get marijuana and had bought some for appellant. She said she had seen marijuana on a tray in the Jolley apartment numerous times, and had seen the Jolleys smoke marijuana. In rebuttal, the State called Julie's father, a police department traffic officer, who testified that during the time the Jolleys lived in the apartment, he visited unannounced several times a week at different hours and never detected marijuana.

 The case turned on whether or not a robbery did in fact take place. Thus, the indirect comment on appellant's failure to testify touched the only material issue in the case, *Cook* at 601. The comment cannot be said to have been harmless.

Appellant's objection was overruled, and the jury was not instructed to disregard the argument. Thus, the jury was undoubtedly left with the impression that they could properly consider the prosecutor's remarks. *Cook* at 602; *Cherry* at 549. We find that the prosecutor's remarks were both improper and harmful. We REVERSE the judgment and REMAND the cause to the trial court.