Adolfo CORTEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–87–212–CR.

Court of Appeals of Texas,
Corpus Christi.

Oct. 29, 1987.

Fernando Mancias, McAllen, for appellant.

Theodore C. Hake, Dist. Atty., Edinburg, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, J.

## OPINION

KENNEDY, Justice.

The appellant, Adolfo Cortez, was convicted of aggravated kidnapping. He was tried before a jury, sentenced to 20 years in prison and fined $10,000.00. We affirm the judgment of the trial court.

The present offense was the result of a stormy relationship between the appellant and his ex-girlfriend, Juanita Galvan, the complainant. At trial, she alleged the following sequence of events. As a result of her refusal to date appellant, he abducted her at her home and drove her in his van to an isolated area where he severely beat and tortured her. Afterward, while she was in a weakened state, he drove her to the house of his cousin's girlfriend, Olga Gallegos. Appellant told complainant to "think of a good story" to explain her injuries and threatened to harm complainant or her family if she "ever said anything." Complainant stayed with Gallegos for almost a week recuperating from her injuries. During that time the doors were left open and appellant left the house at least once without taking the complainant with him. Complainant also left the house once with only Gallegos and her daughters along to telephone complainant's aunt and children at a nearby convenience store. And at one time complainant went walking with Gallegos' daughter in a field behind the house. The house was in a developed neighborhood and a neighbor, Leticia Molina, visited several times during complainant's captivity. Complainant never during that time revealed to anyone that she was being kept against her will or tried to escape, because she allegedly feared that the appellant would carry out his threats against her and her family.

Aggravated kidnapping occurs when the accused "intentionally or knowingly abducts another person," with one of a number of specific intents not relevant to the present appeal. Tex.Penal Code Ann. § 20.04 (Vernon 1974). According to § 20.-01(2), " 'Abduct' means to restrain a person with intent to prevent his liberation by: (A) secreting or holding him in a place where he is not likely to be found; or (B) using or threatening to use deadly force." The indictment in the present case charged the appellant with the aggravated kidnapping of the complainant "by secreting and holding her in a place where she was not likely to be found, namely a small trailer house located ⁸⁄₁₀ mile North Terry Road in Colonia Rancho Nueva...." The jury charge tracked the allegations in the indictment.

In his first ground of error, appellant complains that Gallegos' house was not, as a matter of law, a place where complainant was not likely to be found. In *Fann v. State*, 696 S.W.2d 575, 576 (Tex.Crim.App. 1985), the court characterized such a place as one where the victim is "kept isolated from anyone who might have been of assistance." There is undisputed evidence that during the complainant's stay at Gallegos' house she was not physically isolated from other people. Appellant would infer from this that the close proximity of others not a party to the crime negates the "secreting" element relied upon by the State and that, when the victim is otherwise able to communicate with others, threats to re-

main silent do not make the alleged abduction any more secretive.

 However, the complainant need not have been "secreted" for the entire week for a kidnapping to have occurred. Abduction does not require that the victim be held for any certain length of time. *Sanders v. State,* 605 S.W.2d 612, 614 (Tex. Crim.App.1980). In *Sanders,* the defendant's abduction of the victim for approximately an hour was held sufficient. Although the complainant in the present case was in contact with various people throughout the week, it appears that, for substantial periods of time, she was only in contact with the appellant and Gallegos. Moreover, the initial physically weakened condition of the complainant must be considered in determining whether she had any realistic opportunity to escape through an unlocked door or somehow call a neighbor's attention to her condition. The sole obstacle to our finding sufficient evidence to establish the complainant's abduction is the apparently undisputed fact that Gallegos was continuously in close proximity to the complainant yet was never asked to assist her. Does the mere presence of a third person unconnected with the offense mean that the victim was held in a place where she was, as a matter of law, likely to be found? We hold that it does not.

 The victim herself may be unable to ask for assistance. It appears that an assailant may "hold" his victim under § 20.-01(2)(A) by force of threats. *Reese v. State,* 712 S.W.2d 131 (Tex.Crim.App.1986); *Fann.* Threats are simply one manner in which the victim may be held in a particular location. The assailant creates an environment through both physical force and threats of greater force for not cooperating, which together effectively holds his victim in that location. And, in fact, where the manner of holding is by the use of threats of deadly force, either provision of § 20.01(2), could be relied upon. *Reese,* 712 S.W.2d at 134. Similarly, in the present case, threats not to "say anything" were simply the manner in which the appellant created an environment in which the complainant was not likely to be "found"; she

was effectively, if not physically, "isolated" by force of threats from anyone who could have been of assistance. Appellant's first ground of error is overruled.

In his second ground of error, appellant complains that the court erred in allowing the prosecutor to comment upon appellant's failure to call Ursula Garcia as a witness on the ground that it constituted a comment on appellant's failure to testify. During cross-examination of complainant, defense counsel had sought to establish that she was jealous of appellant's alleged relationship with Ms. Garcia. The prosecutor attacked this insinuation in his jury argument as follows:

> They mentioned to you and Ursula, that it was a love triangle, that Ursula dated him and went out, and that Juanita Galvan was jealous because Ursula and defendant were going out. Where was she? She never testified. Juanita Galvan said he didn't love her, why didn't they put her on? Because in fact, there is nothing there.

 Even if such comments were error, appellant objected to them at trial on the sole ground that they shifted the burden of proof to the defense. To preserve error on the ground of comment on appellant's failure to testify, he must be specific enough to apprise the trial court of this ground, and cannot merely make a general or irrelevant objection. *Earnhart v. State,* 582 S.W.2d 444, 449 (Tex.Crim.App.1979); *Sloan v. State,* 515 S.W.2d 913, 915–916 (Tex.Crim.App.1974).

 Moreover, the prosecutor's jury argument was not a comment on appellant's failure to testify. Appellant relies on *Hodges v. State,* 629 S.W.2d 850, 851 (Tex. App.—Houston [14th Dist.] 1982, no pet.), for the proposition that an indirect comment which calls for a denial of an assertion of fact or contradictory evidence that only the appellant is in a position to offer is reversible error. *Short v. State,* 671 S.W.2d 888, 890 (Tex.Crim.App.1984). The other side of this proposition is that comments are not error if they can reasonably be construed as reference to defendant's failure to produce evidence other than his

own testimony. *Schneider v. State,* 645 S.W.2d 463, 467 (Tex.Crim.App.1983); *Cockerham v. State,* 703 S.W.2d 334, 335 (Tex.App.—Corpus Christi 1985, pet. ref'd). In the present case, as in *Hodges, Short* and *Schneider,* other testimony, that of Ursula Garcia, could have been produced by the defense to answer the prosecutor's inference. Only in cases like *Cockerham,* where it is obvious that no other witness aside from the defendant could have been called by the defense to answer the prosecutor's comments, has the court found reversible error. Appellant's second ground of error is overruled.

The judgment of the trial court is affirmed.