**Derrick James BEEMAN, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–91–132–CR.**

Court of Appeals of Texas,
Fort Worth.

March 31, 1992.

Boyd L. Richie, Graham, for appellant.

John A. Neal, Graham, for appellee.

Before WEAVER, C.J. and HILL and LATTIMORE, JJ.

## OPINION

HILL, Justice.

Derrick James Beeman appeals from his conviction by a jury of the offense of aggravated kidnapping. The court assessed his punishment at fifty years in the Texas Department of Criminal Justice, Institutional Division, and a fine of $5000.

Beeman contends in two points of error that the evidence is insufficient to support the conviction because the State failed to prove beyond a reasonable doubt that the victim was abducted by secreting her and holding her in a place where she was not likely to be found, and that the trial court erred by sentencing him for a first degree felony because the State failed to prove beyond a reasonable doubt that the victim was not voluntarily released alive and in a safe place.

We reverse the judgment and remand this cause to the trial court for the entry of a judgment of acquittal because the State failed to prove beyond a reasonable doubt that Beeman abducted the victim, R.E.H., by secreting and holding her in a place where she was not likely to be found.

In point of error number one, Beeman contends that the evidence is insufficient to support the conviction because the State failed to prove beyond a reasonable doubt that the victim was abducted by secreting her and holding her in a place where she was not likely to be found. We must determine whether, viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985).

TEX.PENAL CODE ANN. sec. 20.03 (Vernon 1989) provides that a person commits an offense if he intentionally or knowingly abducts another person. TEX.PENAL CODE ANN. sec. 20.01 (Vernon 1989) defines "abduct" in part as to restrain a person with intent to prevent his liberation by secreting or holding him in a place where he is not likely to be found.

As we have noted, the only element urged to be lacking in the evidence was that the victim was abducted by secreting her and holding her in a place where she was not likely to be found. The indictment alleged that Beeman abducted R.E.H. without her consent, with intent to prevent her liberation, by secreting and holding her in a place where she was not likely to be found, the storeroom of the Circle K store on Highway 16 South in Graham, Texas.

R.E.H. testified that early one morning while she was working at the Circle K store, Beeman came in and, after using the rest rooms and buying a package of cigarettes, forced her into the storeroom of the Circle K. Once in the storeroom, Beeman told her not to scream, pushed up her garments, and began sucking her breast. He then reached down and penetrated her vagina with his finger. All of a sudden he quit what he was doing, told R.E.H. that, "I'm sorry I have to do this, but I'm already in trouble," then started choking her while she struggled to hit him or get free. She thought he was trying to kill her. When a bell rang indicating that a customer had entered the store, Beeman jumped

up, turned around, went to the door that leads to the store, walked past the customer, and left the store.

Exhibits admitted into evidence show that the storeroom was located behind a wall from the main portion of the store, and that it was located twenty-two feet from an entrance that led from the rest room and storage area to the main portion of the store. The rest rooms were open to the public, and the storeroom area where R.E.H. was taken was visible to anyone using the rest room. The door from the main area of the store to the back hallway where the rest rooms and storage area were located was open at all times.

Although R.E.H. testified that the storeroom was not a place where a customer or anyone else would likely look for her, we hold that her conclusion is not supported by the undisputed facts. As we have noted, the place where Beeman took R.E.H. was visible to anyone who came in the store and used the rest room. This store was located on a highway, so we may assume that travelers and others made use of those rest rooms. Also, if a customer came in late at night and no clerk were visible, it is not unlikely that the customer would go back to the rest room-storeroom area to see if the clerk were there. Consequently, we hold that the State failed to show beyond a reasonable doubt that Beeman took R.E.H. to a place where she was not likely to be found. We would also note that R.E.H. was perhaps saved from a violent death by the entrance of a customer into the store because she was in a place where she *was* likely to be found.

■ The State relies on the cases of *Fann v. State*, 696 S.W.2d 575, 576 (Tex. Crim.App.1985) and *Cortez v. State*, 738 S.W.2d 372 (Tex.App.—Corpus Christi 1987, no pet.). In *Fann*, the defendant abducted a mother and her child from a cemetery in Irving and drove them both around various parts of the city in what the court characterized as "a constantly shifting path throughout the City of Irving." The court noted that the two were taken some distance from the area in which they might reasonably have been found and

kept isolated from anyone who might have been of assistance. *Fann*, 696 S.W.2d at 576. In this case Beeman did not remove R.E.H. from an area where she might reasonably have been found. Indeed, she may owe her life to the fact that she was not isolated from someone who might have been of assistance.

In *Cortez*, the court held that threats to keep silent may cause one to be effectively, if not physically, isolated by force of threats from anyone who could have been of assistance. *Cortez*, 738 S.W.2d at 374. In that case, Cortez told the complainant to "think of a good story" to explain her injuries and threatened to harm her or her family if she ever said anything. *Id.* at 373. As a result, she was around at least one third party during her kidnapping and did not reveal to anyone that she was being kept against her will. *Id.* In this case Beeman left when the customer came in, allowing the complainant to call on that customer for help. Consequently, we hold that the evidence did not show that Beeman isolated the complainant by force of threats from anyone who could have been of assistance.

The State insists that Beeman's instruction to the complainant not to scream, coupled with his use of force, created an environment where the complainant was not likely to be found and was, therefore, isolated from someone who might be of assistance. We note that in *Cortez* the defendant successfully isolated the complainant from others with his threats of harm to her and her family.

Considering all of the evidence in this case, however, we conclude that it reflects that Beeman did not by means of threats isolate the complainant from anyone who might be of assistance. Instead, the evidence reflects that when someone came in who might be of assistance, he left, permitting her to seek assistance. We sustain point of error number one. In view of our determination of this point of error, we need not determine point of error number two.

We reverse the judgment and remand this cause to the trial court for the entry of

a judgment of acquittal. *See Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

WEAVER, C.J., dissents without opinion.