## APPENDIX ONE

**Ex parte Derrick James BEEMAN.**

**No. 2–96–506–CR.**

Court of Appeals of Texas,
Fort Worth.

May 22, 1997.

Brenda Seale Gray, Breckenridge, for Appellant.

Stephen E. Bristow, District Attoney, Graham, for Appellee.

Before LIVINGSTON, DAUPHINOT and RICHARDS, JJ.

## OPINION

PER CURIAM.

■ Derrick James Beeman has filed an interlocutory appeal in this court alleging that the trial court erred in denying his pretrial writ of habeas corpus based on double jeopardy grounds. Appellant alleges that the State's attempt to prosecute him for aggravated sexual assault after his acquittal for aggravated kidnapping violates his state constitutional right against double jeopardy. Because we find that the double jeopardy clause's prohibition against multiple prosecutions as contained in Article I, Section 14 of the Texas Constitution does not provide greater protections than the United States Constitution, we affirm the trial court's denial of habeas corpus relief.

The judgment of acquittal on the aggravated kidnapping charge was entered by this court on March 31, 1992, and mandate issued November 13, 1992. *Beeman v. State,* 828 S.W.2d 265 (Tex.App.—Fort Worth 1992, pet. ref'd). On January 28, 1993, the grand jury indicted appellant for aggravated sexual assault based on the same incident supporting the earlier aggravated kidnapping indictment.

This is appellant's second appeal from the denial of his pretrial application for writ of habeas corpus. His first application, based on violations of the double jeopardy clauses of the United States and Texas Constitutions, was denied by the trial court and affirmed by this court. *Ex parte Beeman,* No. 2–94–486–CR (Tex.App.—Fort Worth June 15, 1995, pet. ref'd) (not designated for publication).

■ In that opinion, we addressed appellant's claim under federal case law and found that a second prosecution for aggravated sexual assault after an aggravated kidnapping acquittal would not violate double jeopardy under the United States Constitution. *Ex parte Beeman,* slip op. at 3–6. We also found that the second prosecution would not rely on exactly the same evidence that was used in the aggravated kidnapping trial. *Id.* at 6. Our opinion has not changed and we continue to find that an aggravated sexual assault conviction would not violate the prohibition against double jeopardy under the United States Constitution and would not rely on the same evidence. However, in the current appeal, appellant specifically asserts that his rights under the Texas Constitution are broader than under the United States Constitution. *See* TEX. CONST. art. I, § 14.

Although there is no Court of Criminal Appeals precedent directly addressing this issue, we can find no support for appellant's position that the Texas Constitution's prohibition against multiple prosecutions for the same offense, absent prosecutorial misconduct, is broader than that guarantee under the United States Constitution. Several of our sister courts have held that the Texas Constitution provides no broader application of the prohibition against double jeopardy. *See, e.g., Ex parte Campos,* 936 S.W.2d 23, 24 (Tex.App.—San Antonio 1996, pet ref'd); *Ex parte Poplin,* 933 S.W.2d 239, 245 (Tex.App.—Dallas 1996, pet. filed); *Parrish v. State,* 889 S.W.2d 658, 661 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd) (op. on remand); *Gentry v. State,* 881 S.W.2d 35, 39 (Tex.App.—Dallas 1994, pet. ref'd); *State v. Marshall,* 814 S.W.2d 789, 792 (Tex.App.—Dallas 1991, pet. ref'd). Accordingly, our analysis in our prior opinion applies with equal force to appellant's claim under the Texas Constitution.

We affirm the trial court's denial of relief.