TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00674-CR







Salvador Serrano, Jr., Appellant



v.



The State of Texas, Appellee








FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT


NO. 7838, HONORABLE CLAYTON E. EVANS, JUDGE PRESIDING







 After finding appellant guilty of the offense of aggravated kidnapping, Tex. Penal Code
Ann. § 20.04 (West Supp. 1998), the jury assessed confinement at thirty-five years. Appellant asserts four
points of error, contending the trial court erred by: (1) denying appellant's request to charge the jury on
the lesser included offense of false imprisonment; (2) failing to grant appellant's motion for directed verdict
because there was insufficient evidence to support the conviction of aggravated kidnapping; (3) abusing
its discretion by denying appellant's requested challenge for cause to a member of the panel; and (4)
restricting appellant's voir dire examination. We will overrule appellant's points of error and affirm the
judgment of the trial court.

 At the outset, we will review the sufficiency of the evidence to support the conviction
(appellant's second point of error). We believe a review of the evidence, when challenged, is a sound
policy since it often lends clarity to the discussion of other points of error.

 Applicable to the instant cause, a person commits the offense of aggravated kidnapping if
he intentionally or knowingly abducts another person with the intent to violate or abuse the person sexually. 
See Penal Code § 20.04(a)(4). Relevant to the instant cause, abduct "means to restrain a person with
intent to prevent his liberation by secreting or holding him in a place where he is not likely to be found." 
Tex. Penal Code Ann. § 20.01(2)(A) (West 1994).

 The basis for this prosecution came from the testimony of the victim, a girl, age nine, who
testified to events occurring in May 1995. Appellant approached the victim as she stepped from the school
bus and started walking home. In reply to appellant's request to take her picture, the victim replied, "No,
I have to go home." The victim recognized appellant because she had seen him on other occasions. Her
testimony reviews the events occurring after she refused to have her picture taken. "He grabbed me and
took me into this little house and the window was cracked and it said no trespassing --- [in] a little room
with hay on the floor --- [He] held me against the wall --- [victim] could not get away --- He said, I want
your p [it means my private] --- I screamed --- He backed away --- He said you better not tell
nobody --- He did not let me go --- I pushed and I ran, I was scared and stuff ---."

 When the victim arrived home, she told her mother what happened and identified appellant
as the attacker. Appellant did not testify, but directs our attention to testimony elicited from the victim to
support his position. Under cross-examination, she testified she ran to her house which was about a block
away; she had no bruises, no scratches, and no torn clothing. When she fled, appellant made no attempt
to restrain her. In addition, the testimony of the mother showed that the victim arrived home at the usual
time.

 Appellant urges that the only restraint shown is when appellant took the victim by the hand,
led her into an abandoned house, and for a brief moment backed her against a wall. Appellant concedes
that a victim does not have to be restrained for any certain period of time. See Santellan v. State, 939
S.W.2d 155, 163 (Tex. Crim. App. 1997). Appellant calls our attention to testimony that the interior of
the house may be visible from a sidewalk.

 Appellant cites Schweinle v. State, 915 S.W.2d 17, 18, 19 (Tex. Crim. App. 1996), on
remand, 921 S.W.2d 368, to support his position that a rational jury could have found the house where
the victim was taken was not a place where she was not likely to be found. In Schweinle, the victim, an
adult female, was taken to the defendant's house, a place where she had previously lived with the
defendant. Unlike Schweinle, the victim in the instant cause, a female child, age nine, was taken to an
abandoned house that displayed a no trespassing sign. Under these circumstances, we are not persuaded
that the fact the victim's home was a short distance away is worthy of consideration. Appellant's argument
that a lack of restraint is not shown is negated by the victim's testimony that he grabbed her, held her
against the wall, wanted her private, and did not let her get away until she pushed and screamed. Patently,
the fact that appellant was a grown man and the victim was only nine is highly relevant to the element of
interference with the victim's liberty.

 In reviewing the sufficiency of the evidence, we must determine whether, viewing the
evidence in the light most favorable to the prosecution, any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319
(1979). Under the Jackson standard, the reviewing court is not to position itself as a thirteenth juror in
assessing the evidence nor is it our place to second guess the determination made by the trier of fact. See
Collins v. State, 800 S.W.2d 267, 269 (Tex. App.--Houston [14th Dist.] 1990, no pet.). The trier of
fact (jury in this cause) is in a better place than an appellate court to weigh, accept, or reject all or any
portion of any witness's testimony. It is the duty of this Court to determine if the explicit and implicit
findings by the trier of fact are rational under legal standards to support the conviction. See Adelman v.
State, 828 S.W.2d 418, 422 (Tex. Crim. App. 1992).

 Having reviewed the evidence in the light most favorable to the verdict, we hold that any
rational trier of fact could have found the elements of the offense beyond a reasonable doubt. Appellant's
second point of error is overruled.

 In his first point of error, appellant urges that the trial court erred in refusing his requested
charge on the lesser included offense of false imprisonment.

 The two-prong test to determine whether a charge on a lesser included offense should be
given was first articulated in Royster v. State, 622 S.W.2d 442 (Tex. Crim. App. 1981), and modified (as
shown in emphasis) in Rousseau v. State, 855 S.W.2d 666, 672, 673 (Tex. Crim. App. 1993). It
provides: "first, the lesser included offense must be included within the proof necessary to establish the
offense charged, and, second, some evidence must exist in the record that would permit a jury rationally
to find that if the defendant is guilty, he is only guilty of the lesser offense."

 A person commits the offense of false imprisonment if he knowingly or intentionally restrains
another person. See Tex. Penal Code Ann. § 20.02(a) (West 1994). Restraint is to restrict a person's
movements without consent, so as to interfere substantially with his liberty, by moving him from one place
to another or by confining him. See Tex. Penal Code Ann. § 20.01 (West 1994). It is undisputed that the
first prong of the test was met.

 Appellant argues that there was evidence to show that the element of aggravated
kidnapping, with intent to prevent liberation, was not present during the offense. The testimony relied
on by appellant was that "appellant never made any attempt to prevent the alleged victim from leaving the
house, that the house was in a populated, residential neighborhood, open to entry to any person that
desired, and in the child's route to and from the school bus." Appellant relies on the same testimony urged
in challenging the sufficiency of the evidence to support the conviction, testimony elicited from the victim
under cross examination and possibly the testimony of the victim's mother. Appellant correctly relies on
Schweinle v. State, 915 S.W.2d 17, 18 (Tex. Crim. App. 1996), for the proposition that anything more
than a scintilla of evidence from any source is sufficient to entitle a defendant to a submission on the lesser
included offense. However, "if a jury were instructed as to a lesser included offense if the evidence did not
show that the defendant, if guilty, is only guilty of the lesser offense, the instruction would constitute an
invitation to return a compromise or otherwise an unwarranted verdict." Arevalo v. State, 943 S.W.2d
887, 889 (Tex. Crim. App. 1997).

 Appellant's reliance on Schweinle as being similar to the facts in the instant cause is
misplaced. We will not revisit the distinction between that case and the instant cause other than to note that
the complainant in Schweinle, an adult woman, was taken to a house occupied by the defendant, a place
where she had previously lived with the defendant. Nor do we find Beeman v. State, 828 S.W.2d 265
(Tex. App.--Fort Worth 1992, pet. ref'd), cited by appellant, to control the instant cause. The
complainant in Beeman, an employee at a Circle K Store, was forcibly taken to a storeroom that would
be visible to anyone who went to the "rest-room --- [in the] storeroom area."

 The facts in Schweinle and Beeman are patently different from those in the instant cause
where appellant forcibly took the victim, a nine-year-old girl, to an abandoned house with a no trespassing
sign. Appellant claims that he made no attempt to prevent the victim from leaving. The uncontroverted
evidence shows that appellant forcibly pushed her against the wall and only released her when she began
screaming. Appellant has conceded that the victim need not be restrained for any certain period of time. 
To uphold appellant's position would be an invitation to a jury to return a compromise verdict or otherwise
unwarranted verdict. We conclude there is no evidence upon which a jury could rationally conclude that
appellant had the intent to restrain, but not the intent to prevent liberation. Consequently, appellant was
not entitled to a charge on the lesser included offense. Appellant's first point of error is overruled. 

 In his third point of error, appellant contends that the trial court erred in denying his
challenge for cause to juror Singleton, forcing appellant to accept an objectionable juror. Appellant's
complaint arises out of the trial court's denial of appellant's challenge for cause for the reason that "Juror
No. 1, Charles Ward Singleton . . . gave an answer that he would convict a person charged with
aggravated kidnapping if only nine of ten elements were proved beyond a reasonable doubt." After both
sides made all of their peremptory challenges, defense counsel advised the trial court that appellant had to
use one of his peremptory strikes on Singleton which caused him not to be able to use a peremptory strike
on another juror, Fred Holland, who served on the jury.

 The voir dire of the challenged panel member must be examined in its entirety. See Kemp
v. State, 846 S.W.2d 289, 298 (Tex. Crim. App. 1992). Kemp sets the guidelines an appellate court
must follow when reviewing the trial court's ruling on voir dire challenges, stating: "[W]e recognize the need
for appellate courts to defer to the trial judges who witness the demeanor of the venire person. We will
reverse such a decision only for clear abuse of discretion; i.e., only when the trial judge's decision was so
clearly wrong as to lie outside that zone within which reasonable persons might disagree." 846 S.W.2d
at 297.

 Venireperson Singleton stated he would consider all the evidence he heard, would
deliberate and listen to the thoughts and ideas of other jurors, and understood that he had an obligation not
to serve on the jury if he was predisposed to an issue in the case. After being advised that the presumption
of innocence is enough to acquit a defendant, Singleton answered that he would acquit a defendant if no
evidence were presented. The following dialogue between defense counsel and Singleton on voir dire
appears to clarify the answer the venireperson gave that formed the basis of appellant's complaint:


 MR. BROWN [defense counsel]: Let's say before you can get to a lesser
included offense, I believe the charge will say this: You have to first decide whether or not
they are guilty or not guilty of the primary offense which in this case is aggravated
kidnapping.


 PANEL MEMBER SINGLETON: I understand it now.


 MR. BROWN: Let's say, nine of them to you beyond a reasonable doubt, one
makes you want to hesitate, what would your verdict be in that situation?


 PANEL MEMBER SINGLETON: Well, in that -- now that I know more about
it, I can say, not guilty.



 Venireperson Singleton's answers, when considered in their entirety, reflect that he could
follow the law when it was explained to him. Consequently, we hold that the trial court did not abuse its
discretion in overruling appellant's challenge for cause. Appellant's third point of error is overruled.

 In his fourth point of error, appellant contends the trial court erred by refusing to allow
appellant's attorney to ask the following question: "If you have a mind set that is, I think probably the
defendant is guilty but some reasonable fact makes me want to hesitate, can you follow the law on that? 
Do you think the verdict should be guilty or not guilty? If you don't agree with the law, can you follow it
anyway?" Appellant urges that the purpose in asking the question was to "determine whether or not jurors
could follow a law which they did not agree . . . the question affected the entire panel . . . and was not
repetitious of any other issue that had been brief."

 The record reflects that defense counsel thoroughly qualified every member of the panel
about his or her understanding of the presumption of innocence and each member's ability to follow the law. 
An equally thorough examination and qualification of each member's ability to abide by the law requiring
the State to prove each element of the offense beyond a reasonable doubt before a verdict of guilty is
shown. Defense counsel thoroughly covered the matter of prejudice resulting from experiences arising in
the lives of the members of the panel that would cause one of them to have a predisposition toward the case
that the member could not set aside before entering the jury box.

 The trial court should afford defense counsel great latitude in questioning the venire;
however, the trial court can impose reasonable restrictions on voir dire examination. See Etheridge v.
State, 903 S.W.2d 1, 8 (Tex. Crim. App. 1994). The standard of review where the defendant claims he
was improperly restricted is whether the trial court abused its discretion. See Nunfio v. State, 808 S.W.2d
482, 484 (Tex. Crim. App. 1991). If a disallowed question was proper, harm is presumed because a
defendant has been denied the intelligent use of his peremptory strikes. Id. at 485. Cases decided
subsequent to the adoption of Tex. R. App. P. 81(b)(2) (currently Rule 44.2) requires the reviewing court
to conduct a harm analysis and to reverse a conviction if a proper question is disallowed unless the error
is found to be harmless beyond a reasonable doubt. Id. at 485.

 Our review of the questions that defense counsel had asked the panel relative to
presumption of innocence, the State's burden of proof and the ability to set aside prejudices and
predispositions in this cause show that defense counsel had fully explored the matters about which he
complains. Consequently, we hold that the trial court did not abuse its discretion in disallowing the
questions.


 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices Powers, Aboussie and Davis*

Affirmed

Filed: April 2, 1998

Do Not Publish
































* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).



In his fourth point of error, appellant contends the trial court erred by refusing to allow
appellant's attorney to ask the following question: "If you have a mind set that is, I think probably the
defendant is guilty but some reasonable fact makes me want to hesitate, can you follow the law on that? 
Do you think the verdict should be guilty or not guilty? If you don't agree with the law, can you follow it
anyway?" Appellant urges that the purpose in asking the question was to "determine whether or not jurors
could follow a law which they did not agree . . . the question affected the entire panel . . . and was not
repetitious of any other issue that had been brief."

 The record reflects that defense counsel thoroughly qualified every member of the panel
about his or her understanding of the presumption of innocence and each member's ability to follow the law. 
An equally thorough examination and qualification of each member's ability to abide by the law requiring
the State to prove each element of the offense beyond a reasonable doubt before a verdict of guilty is
shown. Defense counsel thoroughly covered the matter of prejudice resulting from experiences arising in
the lives of the members of the panel that would cause one of them to have a predisposition toward the case
that the member could not set aside before entering the jury box.

 The trial court should afford defense counsel great latitude in questioning the venire;
however, the trial court can impose reasonable restrictions on voir dire examination. See Etheridge v.
State, 903 S.W.2d 1, 8 (Tex. Crim. App. 1994). The standard of review where the defendant claims he
was improperly restricted is whether the trial court abused its discretion. See Nunfio v. State, 808 S.W.2d
482, 484 (Tex. Crim. App. 1991). If a disallowed question was proper, harm is presumed because a
defendant has been denied the intelligent use of his peremptory strikes. Id. at 485. Cases decided
subsequent to the adoption of Tex. R. App. P. 81(b)(2) (currently Rule 44.2) requires the reviewing court
to conduct a harm analysis and to reverse a conviction if a proper question is disallowed unless the error
is found to be harmless beyond a reasonable doubt. Id. at 485.

 Our review of the questions that defense counsel had asked the panel relative to
presumption of innocence, the State's burden of proof and the ability to set aside prejudices and
predispositions in this cause show that defense counsel had fully explored the matters about which he
complains. Consequently, we hold that the trial court did not abuse its discretion in disallowing the
questions.


 The judgment is affirmed.



 

 Tom G. Davis, Justice