**Affirmed as Modified; Opinion Filed July 20, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00824-CR

**MARK KUTCH, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 8**
**Tarrant County, Texas**
**Trial Court Cause No. 1346881**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Stoddart
Opinion by Justice Stoddart

Mark Kutch appeals his conviction for driving while intoxicated, enhanced to a Class A misdemeanor by a prior DWI conviction. After the jury found him guilty, the trial court assessed punishment at 120 days in jail and a $2,500 fine. Kutch argues in five issues that the trial court erred by not submitting his special plea of former jeopardy to the jury, denying a motion for mistrial regarding a comment on his post-arrest silence, overruling his motion to suppress and objection to the results of blood alcohol testing because the warrant was not supported by probable cause, and overruling his objection to testimony that he refused field sobriety tests. On our own motion, we modify the judgment and affirm as modified.

Background

Officer Gary Jones was off-duty and riding with his wife and children in Johnson County when Kutch's truck approached on a cross street and nearly ran the stop sign. Jones's wife swerved

their vehicle, and Jones noticed that Kutch had a blank stare on his face and appeared intoxicated. The Joneses continued driving and stopped at a red light. Kutch's truck hit their van in the back right quarter panel causing damage to the vehicle. Mrs. Jones pulled into a nearby gas station, but Kutch continued on to Interstate 35 without stopping to exchange insurance information. Suspicious that Kutch was intoxicated, Jones called 911 while his wife followed Kutch's truck, which was heading towards Fort Worth. While following Kutch, Jones noticed that he had difficulty maintaining a single lane and soon began straddling lanes. Kutch almost hit another vehicle. When Kutch exited Interstate 35, Mrs. Jones followed him into a Fort Worth neighborhood, where Kutch stopped. Kutch exited his truck and staggered toward the Joneses' van. Jones exited the van and met Kutch in the street. Kutch had a glossy, glazed look on his face and smelled of alcohol. Kutch yelled at Jones, asking why they were following him. Jones identified himself as an off-duty police officer and told Kutch he hit their van earlier. Jones then told Kutch to sit on the curb, grabbed his shoulder, and pushed him down to the curb. Fort Worth police officers arrived at the scene a few seconds later.

Fort Worth Police Officer Victoria Robles observed Kutch had slurred speech, an unsteady gait, and the odor of alcohol. Initially, Kutch agreed to participate in field sobriety tests and to being transported to a nearby parking lot for the tests. However, once they arrived, Kutch refused to submit to the tests. Kutch was then arrested for driving while intoxicated. At the jail, Kutch received his statutory warnings and was asked if he would submit to a breath test. He refused. Officer Robles then sought a search warrant for a blood specimen. She submitted an affidavit to a magistrate who issued a warrant for sampling and testing of Kutch's blood. The sample was taken at a local hospital and later blood testing revealed an alcohol concentration of 0.21. The legal limit for alcohol concentration is 0.08. TEX. PENAL CODE ANN. § 49.01(2)(B).

–2–

Analysis

I.     Plea of Former Jeopardy

In his first issue, Kutch argues the trial court erred by refusing to charge the jury under article 27.05 of the code of criminal procedure. Kutch filed a pretrial special plea of double jeopardy under the Double Jeopardy Clause of the United States and Texas Constitutions. U.S. CONST. amends. V, XIV; TEX. CONST. art. I, § 14. He argued his conviction in Johnson County for failure to stop and provide information after an accident involving damage to a vehicle barred his prosecution for DWI in Tarrant County arising out of the same transaction. *See* TEX. CODE CRIM. PROC. ANN. art. 27.05. Kutch asserted that the facts necessary to prove the DWI case are the same as the facts necessary to prove the failure to stop and provide information case in Johnson County. He presented evidence at a hearing that he was convicted of the misdemeanor offense of failure to stop and provide information arising out of the accident with Officer Jones's vehicle in Johnson County. The docket sheet from the Johnson County case was admitted in evidence. After the hearing, the trial court denied the special plea. The trial court later overruled Kutch's request for a jury instruction on this issue.

Article 27.05 provides, "A defendant's only special plea is that he has already been prosecuted for the same or a different offense arising out of the same criminal episode that was or should have been consolidated into one trial, and that the former prosecution . . . resulted in conviction." TEX. CODE CRIM. PROC. ANN. art. 27.05(2). Article 27.05 is a procedural device for raising a constitutional double jeopardy claim.[1] The trial court must submit to the jury all issues of fact presented by a special plea unless, assuming the facts alleged to be true, the court determines

---

[1] A special plea under article 27.05 is the appropriate means of raising a multiple punishment claim. *See Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991) (holding that a special plea afforded no protection against "twice being put to trial"). Whereas, an application for a pretrial writ of habeas corpus is the proper procedure for raising a successive prosecution double jeopardy claim. *See Gonzalez v. State*, 8 S.W.3d 640, 643 n.9 (Tex. Crim. App. 2000) ("We have decided that a pretrial writ of habeas corpus is usually the procedural vehicle by which a defendant should raise a 'successive prosecutions for the same offense' double jeopardy claim.").

that the plea does not present a legally sufficient double jeopardy claim. *See* TEX. CODE CRIM. PROC. ANN. art. 27.07; *Arredondo v. State*, 582 S.W.2d 457, 459 (Tex. Crim. App. 1979). That is, "if conceding the facts averred in the special plea to be true, the plea in bar would not be good in law, the trial court may overrule it and decline to submit it to the jury." *Arredondo*, 582 S.W.2d at 459; *see also Kelson v. State*, 167 S.W.3d 587, 593 (Tex. App.—Beaumont 2005, no pet.) (discussing function of special plea).

Kutch argues the trial court should have submitted the special plea to the jury because the facts necessary to prove the DWI case are the same as the facts necessary to prove the failure to stop and provide information case. He contends article 27.05 is a statutory "carving doctrine," and applies in this case even though the court of criminal appeals repudiated the carving doctrine in 1982.

"Until 1982, Texas had a unique state-level double jeopardy test called 'the carving doctrine,' which held that the State could 'carve' but one conviction out of a single criminal 'transaction.'" *Ex parte Watson*, 306 S.W.3d 259, 266–69 (Tex. Crim. App. 2009) (Cochran, J., concurring) (quoting *Ex parte McWilliams*, 634 S.W.2d 815, 822 (Tex. Crim. App. 1982) (op. on reh'g)). "Neither the Federal nor State Constitutions nor Texas Statutes prohibit multiple prosecution for two statutory offenses committed in the same transaction. The constitutional provisions speak of double jeopardy in terms of the 'same offense' rather than 'same transaction.'" *Ex parte McWilliams*, 634 S.W.2d at 823 (overruling "carving doctrine"). The carving doctrine proved unworkable, unsound, and lacked constitutional or statutory basis. *Id*. at 824.

As explained above, article 27.05 set forth one procedure for raising a double jeopardy claim. *See Apolinar*, 820 S.W.2d at 794. Kutch cites to no authority, and we have found none, that article 27.05 provides greater protection than the double jeopardy clauses of the United States and Texas Constitutions. *See State v. Marshall*, 814 S.W.2d 789, 792 (Tex. App.—Dallas 1991,

pet. ref'd) (rejecting argument that article 27.05 preserved the carving doctrine after *Ex parte McWilliams*). Rather, courts hold that if, assuming the allegations are true, the plea presents a legally sufficient double jeopardy claim, the issues of fact presented in the special plea should be submitted to the jury. *See Arrendondo*, 582 S.W.2d at 459; *Kelson*, 167 S.W.3d at 593; *see also Apolinar*, 820 S.W.2d at 794 (plea "is a mechanism for avoidance of reconviction, not retrial" (quoting *Robinson v. Wade*, 686 F.2d 298, 302 n.3 (5th Cir.1982)). Because the trial court denied Kutch's request to submit the plea to the jury, we review whether the special plea presented a legally sufficient double jeopardy claim. We apply an abuse of discretion standard. *McNeil v. State*, 398 S.W.3d 747, 757 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd).

The Double Jeopardy Clause of the United States Constitution, applicable to the states through the Fourteenth Amendment, protects an accused from successive prosecutions for the same offense after an acquittal or conviction and from multiple punishments for the same offense. U.S. CONST. AMEND. V, cl. 2; *see Ex Parte Castillo*, 469 S.W.3d 165, 168 (Tex. Crim. App. 2015). The Texas Constitution provides the same protections. *See* TEX. CONST. art. I, § 14 ("No person, for the same offense, shall be twice put in jeopardy of life or liberty; nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction."); *see also State v. Blackshere*, 344 S.W.3d 400, 405 n.8 (Tex. Crim. App. 2011); *Ex parte Beeman*, 946 S.W.2d 616, 617 (Tex. App.—Fort Worth 1997, no writ).

There are two relevant inquiries for whether offenses are the same: legal sameness, which depends solely on the pleadings and statutory law, not the record, and factual sameness, which considers the entire record. *See Castillo*, 469 S.W.3d at 172. When two distinct statutory provisions are at issue, we ordinarily determine legal sameness by applying the same-elements test to determine whether "each provision requires proof of a fact which the other does not." *Castillo*, 469 S.W.3d at 168 (citing *United States v. Dixon*, 509 U.S. 688, 697 (1993); *Blockburger v. United*

*States*, 284 U.S. 299, 304 (1932)). In applying the same-elements test, we use the cognate pleadings approach to determine whether the offenses are the "same offense" for double jeopardy purposes. *See id.* at 169. Under this test, we compare the elements of the greater offense as pled to the statutory elements of the potential lesser included offense in the abstract. *See id.* If the offenses are legally the same, we then look to see if they are factually the same by applying a units of prosecution analysis. *Id.* To prevail, the claimant must prove the offenses are both legally and factually the same. *Id.*

Applying the same-elements test in this case, we conclude the offenses are not legally the same. As alleged in the DWI information, on or about October 27, 2013, in Tarrant County, Kutch operated a motor vehicle in a public place while intoxicated and at the time he had been finally convicted of a prior misdemeanor DWI offense in Johnson County on December 4, 2012. *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09. The offense alleged as the basis for the plea of former jeopardy, is failure to stop and provide information after an accident resulting in only damage to a vehicle. *See* TEX. TRANSP. CODE ANN. §§ 550.022(a), (c), 550.023. That offense requires proof of an accident resulting only in damage to a vehicle, failure to immediately stop, immediately return to the scene, and remain at the scene to exchange required information. *See id.* DWI requires proof of intoxication but failure to stop and provide information does not. Failure to stop and provide information requires proof of an accident resulting in damage but DWI does not. Because both offenses require proof of elements the other does not require, they are not the same offense. *See Castillo*, 469 S.W.3d at 169. Therefore, the special plea was legally insufficient to show the offenses were legally and factually the same. *Id.*

We conclude that Appellant's special plea did not present a legally sufficient former jeopardy claim and hold that the trial court did not abuse its discretion in refusing to present the special plea to the jury. *See Arrendondo*, 582 S.W.2d at 459. We overrule Kutch's first issue.

II.     Comment on Post-Arrest Silence

In his second issue, Kutch argues the trial court erred by overruling his objection that the State violated his right to remain silent when it elicited testimony that Kutch refused to answer Officer Robles's questions about the accident.  The record reflects, however, that the trial court sustained the objection and, at Kutch's request, instructed the jury to disregard the question and answer.  The record also shows the trial court denied Kutch's request for a mistrial.  Therefore, the issue raised in Kutch's brief presents nothing for review.  However, because the State has briefed the matter, we address the issue of whether the trial court properly denied the motion for mistrial.  *See Dancer v. State*, 253 S.W.3d 368, 372 (Tex. App.—Fort Worth 2008, pet. ref'd) (per curiam) (mem. op.) ("When the trial court sustains an objection and instructs the jury to disregard but denies a defendant's motion for a mistrial, the issue is whether the trial court abused its discretion in denying the mistrial.").

We review the denial of a motion for mistrial for an abuse of discretion.  *See Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009).  Under this standard, we view the evidence in the light most favorable to the trial court's ruling and uphold the ruling if it falls within the zone of reasonable disagreement.  *Id.*  A mistrial is an appropriate remedy in extreme circumstances for a narrow class of highly prejudicial and incurable errors.  *Id.*  It applies when the error is so prejudicial that expenditure of further time and expense would be wasteful and futile.  *Id.*

In determining whether the trial court abused its discretion in denying the mistrial, we consider the severity of the misconduct (prejudicial effect), any curative measures taken, and the certainty of conviction absent the misconduct.  *Dancer*, 253 S.W.3d at 372 (citing *Hawkins v. State*, 15 S.W.3d 72, 77 (Tex. Crim. App. 2004)).

The following exchange occurred during Officer Roble's testimony:

> Q. And was it at that point that you made your arrest?

A. It was.

Q. Okay. Now, did you discuss with the Defendant anything to do with the accident then?

A. I tried. He refused.

Q. He refused to speak with you at all or he —

A. He spoke with me, just he refused to answer any questions.

[DEFENSE]: Your Honor, I object. He's clearly under custody at this point and refusal is a direct comment, involves 38.08, and Article 1, Section 9 and 10 of the Texas Constitution, and the 5th and 14th Amendments to the United States Constitution.

[PROSECUTOR]: Your Honor, I can clarify. I believe the statement was made before he was under arrest. But I'll clarify that with the witness.

THE COURT: All right. Ask her that question.

[DEFENSE]: Well, may I ask her a couple of questions?

The defense attorney asked several questions on voir dire to establish that Kutch was detained at the time and had not been given the *Miranda* warnings. *See Miranda v. Arizona*, 384 U.S. 436, 479 (1966). The trial court asked the prosecutor to clarify whether the question pertained to conversations with the defendant while he was detained in the police car. The prosecutor stated he intended to ask about conversations before Kutch was placed under arrest and asked Officer Robles:

Q. Now, Officer Robles, before you detained the witness and put him in the back of your police car, did you speak to him at all about the accident?

A. I attempted to. However, due to his actions and his demeanor at the time, I felt for my need of safety, and so I had to detain him and place him in the back seat of my car to investigate further. He would not allow us to keep in that situation we were in prior to.

THE COURT: Sustained.

MR. BURNS: Have an instruction to the jury to disregard those comments?

THE COURT: Before the last question?

–8–

MR. BURNS: Yes, sir.

THE COURT: Yeah. The jury will disregard Officer Robles' comments and the question before last.

MR. BURNS: And we'd move for mistrial, Your Honor.

THE COURT: Denied.

A comment on a defendant's post-arrest silence is improper. *See Doyle v. Ohio*, 426 U.S. 610, 618 (1976); *Dinkins v. State*, 894 S.W.2d 330, 356 (Tex. Crim. App. 1995). Although Officer Robles twice said that Kutch refused to discuss the accident, Kutch objected only to the second question. The comments were brief and referred to the prior accident with Officer Jones's vehicle, not the DWI. The prosecutor indicated he thought the statements were made before Kutch was detained, and it does not appear the questions were intended to violate Kutch's constitutional rights. Nothing in the record indicates the question and response were calculated to inflame the minds of the jury. The comments were not so severe as to require a mistrial.

Further, the trial court took prompt measures to cure any harm from the improper comments. It sustained the objection and instructed the jury to disregard the question and response. In general, a prompt instruction to disregard will cure any harm associated with an improper question or comment. *Dancer*, 253 S.W.3d at 372–73. We presume the jury will follow the court's instruction to disregard. *Glassey v. State*, 117 S.W.3d 424, 431 (Tex. App.—Fort Worth 2003, no pet.). Nothing in the record suggests this was an "extreme circumstance" where the prejudice, if any, could not be cured or that the jury could not follow the instruction to disregard. The curative measures taken by the trial court were timely and appropriate.

Finally, considering the ample evidence that Kutch operated a motor vehicle in a public place while he was intoxicated, the certainty of conviction absent the misconduct was great.

Applying the appropriate factors, we conclude the trial court did not abuse its discretion by denying Kutch's motion for mistrial. We overrule Kutch's second issue.

III.    Admission of Blood Test Results

In his third and fourth issues, Kutch contends the search of his blood was unreasonable under the United States and Texas Constitutions because a search warrant must be based on probable cause supported by oath or affirmation and there was no affidavit in this case.

Officer Robles testified that after Kutch was arrested, he was taken to jail and given the statutory warning regarding consent to a breath test. *See* TEX. TRANSP. CODE ANN. § 724.015. Kutch refused to give a breath test, therefor Officer Robles began the process for obtaining a search warrant for blood. Kutch objected "to any testimony regarding the warrant unless and until that document is produced in court." The State responded that the search warrant is not required to be admitted into evidence, and stated the warrant had been "turned over" to the defense. Kutch objected that the warrant had not been produced in court. The trial court overruled the objection.

Officer Robles testified about the procedure for obtaining a search warrant for blood. Kutch renewed his objection regarding the search warrant, which was denied. Kutch was granted a continuing objection on this ground.

Kutch argues on appeal that the search was invalid because there was no affidavit for the warrant in the record. The record, however, contradicts this assertion. The forensic technician identified the package she received for analysis, which included three blood vials, the search warrant and affidavit, and related documents. The package was admitted as State Exhibits 10, 10A, 10B, and 10C. State Exhibit 10 includes the search warrant and supporting affidavit. Therefore, there was an affidavit supporting the search warrant and the trial court properly overruled Kutch's objection to the absence of an affidavit. Kutch makes no argument that the affidavit in the record is insufficient to establish probable cause for the warrant.

We overrule Kutch's third and fourth issues.

IV.     Refusal to Submit to Field Sobriety Test

In his fifth issue, Kutch argues that admission of evidence he refused to participate in field sobriety tests violated his privilege against self-incrimination.

Officer Robles testified that Kutch refused to perform the HGN, the walk-and turn, and the one-leg standing field sobriety tests. Kutch objected to this testimony based on his privilege against self-incrimination. The trial court overruled the objection.

Article I, section 10 of the constitution provides the accused in a criminal prosecution "shall not be compelled to give evidence against himself." TEX. CONST. art. I, § 10. Kutch contends this section provides greater protections than the Fifth Amendment of the United States Constitution, but cites nothing other than the text of article I, section 10 of the Texas Constitution. He argues this Court should address "whether the Texas Constitution exceeds the protections of the Fifth and Fourteenth Amendments to the Constitution of the United States."

In *Thomas v. State*, 723 S.W.2d 696 (Tex. Crim. App. 1986), the court of criminal appeals considered whether admission of Thomas's refusal to submit to a breath test for intoxication violated his state constitutional privilege against self-incrimination. *Id*. at 697. Recognizing that the Fifth Amendment does not preclude such evidence, *see South Dakota v. Neville*, 459 U.S. 553, 563 (1983) (use of refusal against defendant at his trial does not violate Fifth Amendment privilege against self-incrimination), Thomas argued the state constitution provides greater protection than the Fifth Amendment. *Thomas*, 723 S.W.2d at 702. After a thorough examination of the history, policy, and precedent surrounding the state constitutional provision, the court of criminal appeals concluded that "both the state and federal privileges against self-incrimination are aimed at preventing *involuntary* testimonial incrimination. Thus, we find that the meaning of compulsion in the Article I, § 10, supra, is comparable in scope to the meaning of compulsion in the Fifth Amendment." *Thomas*, 723 S.W.2d at 704.

The "refusal to submit to a chemical breath test for intoxication is not a *compelled* communication, and thus its admission does not violate the mandate of Article I, § 10 that an accused not be 'compelled to give evidence against himself.'" *Bass v. State*, 723 S.W.2d 687, 691 (Tex. Crim. App. 1986); *see also Bartlett v. State*, 270 S.W.3d 147, 153 (Tex. Crim. App. 2008) (recognizing defendant's refusal to submit to breath test is relevant to show consciousness of guilt); *Thomas*, 723 S.W.2d at 705 (holding appellant was not compelled to incriminate himself under art. I, § 10 when he chose to refuse to provide breath sample). We see no difference between the refusal to provide a breath sample and the refusal to submit to field sobriety tests, and Kutch offers no argument or authority to support a difference between the two. *See Barraza v. State*, 733 S.W.2d 379, 381 (Tex. App.—Corpus Christi 1987) (holding there is no significant difference between refusal to take field-sobriety test and refusal to perform breath test for evidentiary purposes), *aff'd*, 790 S.W.2d 654 (Tex. Crim. App. 1990). We overrule Kutch's fifth issue.

V.      Modification of Judgment

The information in this case alleged one enhancement paragraph. Kutch stipulated to the evidence regarding the prior DWI conviction alleged in the enhancement paragraph. The trial court's judgment, however, indicates "N/A" in the space for the plea and finding on the first enhancement paragraph. This Court may modify the trial court's judgment to make the record speak the truth when it has the necessary data and information to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W. 2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W. 2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, on our own motion, we modify the trial court's judgment to reflect "True" as the plea and finding on the first enhancement paragraph.

Conclusion

We affirm the trial court's judgment as modified.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)
170824F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

MARK KUTCH, Appellant

No. 05-17-00824-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court
No. 8, Tarrant County, Texas
Trial Court Cause No. 1346881.
Opinion delivered by Justice Stoddart.
Justices Lang and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

| | |
|---|---|
| Plea to 1st Enhancement Paragraph: | True |
| Findings on 1st Enhancement Paragraph: | True |

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 20th day of July, 2018.