**Willie Lee PETERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 56455.**

Court of Criminal Appeals of Texas, Panel No. 3.

Nov. 22, 1978.

Rehearing En Banc Denied Dec. 20, 1978.

Paul Brauchle and Lawrence B. Mitchell, Dallas, for appellant.

Henry M. Wade, Dist. Atty., John Tatum, C. Wayen Huff and John Ovard, Asst. Dist. Attys., Dallas, for the State.

Before DOUGLAS, TOM G. DAVIS and VOLLERS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for the offense of aggravated robbery. V.T.C.A., Penal Code, Sec. 29.02. The jury assessed punishment at 35 years.

Appellant initially complains of fundamental error in the jury charge. Appellant contends that the court's charge authorized conviction on a theory not alleged in the indictment.

The indictment in the instant case alleges that the appellant committed the offense of aggravated robbery by ". . . then and there by using and exhibiting a deadly weapon, to-wit: a firearm, intentionally and knowingly threaten and place the said complainant in fear of imminent bodily injury."

The court in its charge to the jury on guilt or innocence abstractly explained the law of robbery and then in applying the law to the facts stated in part,

". . . and that the said defendant, in so doing, and with intent to acquire and maintain control of said property, intentionally or knowingly threatened or placed said owner in fear of imminent bodily injury *or death,* and if you further find from the evidence beyond a reasonable doubt that in so doing the foregoing acts, if you do so find, the defendant used or exhibited a deadly weapon, to-wit: a firearm then you will find the defendant guilty of aggravated robbery as charged in the indictment." [Emphasis added.]

In *Robinson v. State,* 553 S.W.2d 371 (Tex.Cr.App.1977), this Court held a jury charge fundamentally defective that authorized conviction under every conceivable theory in the robbery and aggravated robbery statutes. Likewise, in *Davis v. State,* 557 S.W.2d 303 (Tex.Cr.App.1977), we held

a jury charge fundamentally defective where the trial court failed to limit the charge to the theory alleged in the indictment. To a similar effect are our recent decisions in *Edmond v. State,* 566 S.W.2d 609 (Tex.Cr.App.1978), and *Jones v. State,* 566 S.W.2d 939 (Tex.Cr.App.1978). See also *Smith v. State,* 570 S.W.2d 958 (Tex.Cr.App. 1978).

In the instant case, the indictment alleged robbery under V.T.C.A., Penal Code, Sec. 29.02(a)(2), and the aggravated factor found in V.T.C.A., Penal Code, Sec. 29.-03(a)(2). Appellant argues that the indictment did not allege fear of "death," although the jury was charged that they could convict the appellant if they found that the complainant had been placed in fear of "death."

V.T.C.A., Penal Code, Sec. 1.07(a)(11)(A), defines a "Deadly Weapon" as:

"a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury . . .."

V.T.C.A., Penal Code, Sec. 1.07(a)(7), provides that:

" 'Bodily injury' means physical pain, illness, or any impairment of physical condition."

The charge in the instant case does not contain the vice condemned in *Robinson v. State, supra; Davis v. State, supra; Edmond v. State, supra;* and *Jones v. State, supra,* wherein all of the possible theories of aggravated robbery were submitted in the court's charge. Where, as here, the indictment alleges that appellant violated V.T. C.A., Penal Code, Sec. 29.03(a)(2), implicit in the allegation that a "Deadly Weapon" was used to threaten the complainant is the possibility that the complainant was threatened with death as well as bodily injury. We do not find that the charge authorized conviction on a theory not alleged in the indictment. No fundamental error is shown in the court's charge.

Appellant next complains that the use of the term "firearm" was "so vague as to fail to put appellant on notice of the particulars of the weapon he allegedly used to commit the offense."

In *O'Briant v. State,* 556 S.W.2d 333 (Tex. Cr.App.1977), also an aggravated robbery case, the indictment likewise charged that the defendant committed the offense by using a "firearm." The defendant contended on appeal that the use of the word "firearm" was too general. In rejecting the defendant's contention, this Court stated:

"We find 'firearm' to be far less vague and general than the word 'gun.' It could reasonably be urged that the word 'gun' is broad and general enough to include such diverse instrumentalities as a 'BB gun,' a 'blow gun,' a 'pop gun,' or even a 'grease gun.' Clearly the word 'firearm' has a much more limited meaning."

We find the indictment in the instant case charged the commission of the offense "in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged." Article 21.11, V.A.C.C.P.

The court did not err in overruling appellant's motion to quash the indictment.

The judgment is affirmed.