Charles Chuck ROBINSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 60096.

Court of Criminal Appeals of Texas, En Banc.

Feb. 6, 1980.

Rehearings Denied April 9, 1980.

he wanted the money and instructed her "not to push any buttons." After appellant was handed the sack in which Michalick had placed the money, he turned and, in Michalick's presence, put his pistol in Donald Keonig's side and said he wanted to go to the safe. Keonig testified, "he told me to be still, be quiet, not try to trip any alarms or he would blow me away." Keonig then accompanied appellant to another register and then to the safe.

Roxanne Michalick testified that she was in fear for her life or serious bodily injury at the time appellant took the money from her, and that when he left to go to the safe, "it wasn't a situation where [she] could run. . . ." A little over $3,000.00 was taken.

Omitting the formal portions, the indictment returned against appellant alleged that he did:

While in the course of committing theft of property owned by Roxanne Michalick, . . . and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place the complainant in fear of *imminent* bodily injury and death by using and exhibiting a deadly weapon, namely, a pistol.[1]

In the court's charge on the abstract law, the jury was instructed:

A person commits the offense of robbery if, in the course of committing theft, with the intent to obtain the property he intentionally or knowingly threatens, or places another in fear of *imminent* bodily injury or death. The offense becomes aggravated robbery if a person committing robbery uses or exhibits a deadly weapon.

However, in applying the law to the facts, the court instructed the jury as follows:

Therefore, if you believe from the evidence beyond a reasonable doubt that Roxanne Michalick was the owner of the property, and that the defendant, Charles Chuck Robinson, in Harris County, on or

Clyde W. Woody, Houston, for appellant.

Carol S. Vance, Dist. Atty., Michael Kuhn and Keno M. Henderson, Jr., Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

CLINTON, Judge.

Withdrawn is the prior panel opinion. It believed that the jury instruction applying the law of aggravated robbery to the facts of this case, which deleted the word "imminent" from one of the essential elements of robbery as alleged—that the accused threatened or placed the complaining witness in fear of *imminent* bodily injury or death—constituted fundamental error. The panel treated the omitted word as tantamount to omission of that entire element of the proscribed conduct as set out above. Upon reconsideration, we believe the original disposition to be in error and, accordingly, affirm the judgment.

The record reflects that on February 22, 1977 two armed and masked men entered a Weiner's Department Store at approximately 8:40 p. m., twenty minutes before the store was to close. Roxanne Michalick, an assistant cashier, was at a desk enclosed by glass at the rear of the store counting the store's receipts, as the assistant manager, Donald Keonig, stood nearby. Michalick testified that one of the men, who was carrying a sawed off shotgun, remained at the front door while the other man, identified as appellant, approached her brandishing a pistol. Appellant told Michalick that

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

about February 22, 1977 while in the course of committing theft from the said Roxanne Michalick, and with intent to obtain and maintain contrc. of said property, intentionally and knowingly threatened or placed the said owner *in fear of bodily injury or death* and used or exhibited a deadly weapon, towit, a pistol, you will find the defendant guilty of aggravated robbery.

■ The essential ingredients of aggravated robbery as alleged by the State herein are:

1. A person
2. In the course of committing theft
3. With intent to obtain or maintain control of the property
4. Knowingly and intentionally
5. *Threatened or placed another in fear of imminent bodily injury or death* and
6. Uses or exhibits a deadly weapon

Branch's, Texas Annotated Penal Statutes, §§ 29.02 and 29.03 (3rd ed. 1974); see also Morrison and Blackwell, Texas Practice, Criminal Forms, §§ 10.01 and 10.02 (1977); and *Williams v. State,* 524 S.W.2d 73 (Tex. Cr.App.1975).

The court's charge did not delete the fifth element enumerated above as the panel

concluded, but rather, inadvertently perhaps, deleted a word therefrom.[2] The question presented then is whether such omission vitiated the court's instruction to the jury on that fifth element so as to amount to no charge thereon at all.

■ In *Cumbie v. State,* 578 S.W.2d 732 (Tex.Cr.App.1979), this Court surveyed the types of jury instructions which it has determined to be fundamentally erroneous to date and, for purposes of illustration, delineated these charges into four general groups. *Cumbie,* supra, teaches that the evils inherent in such instructions are: (1) authorization of any diminution of the State's burden of proof;[3] (2) authorization of conviction for conduct which does not constitute a criminal offense;[4] and (3) authorization of conviction for an offense of which the accused has no notice.[5]

■ The complained of omission before us is not one of an entire essential element of the offense charged as were the ones in *West v. State,* 567 S.W.2d 515 (Tex.Cr.App. 1978); *Bradley v. State,* 560 S.W.2d 650 (Tex.Cr.App.1978); and *Windham v. State,* 530 S.W.2d 111 (Tex.Cr.App.1975). Appellant made no objection to the omission as required by Article 36.14, V.A.C.C.P., nor did he "by a special requested instruction,

---

2. "Imminent," as defined by Webster's New Collegiate Dictionary (1977) means, "ready to take place; esp: hanging threateningly over one's head." Webster's Seventh New Collegiate Dictionary (1969), additionally provides as a synonym: "impending," which is defined as "threatening to occur soon."

The Practice Commentary to § 29.02, V.T. C.A. Penal Code, suggests that "[a]s in prior law, the violence . . . threatened must be for the *purpose* of *compelling acquiescence to the theft* or of *preventing or overcoming resistance* to the theft.

3. Occurs when there is "[a]n omission from the court's charge of an allegation in the indictment which is required to be proved." *Cumbie* at 733.

4. Attends omission by the charge of an essential element of the proscribed conduct under prosecution [see n. 3, supra], as well as addition of some element which abrogates the criminal features of otherwise proscribed conduct which is correctly alleged by the State's indictment. E. g., *Jackson v. State,* 576 S.W.2d 88

(Tex.Cr.App.1979) "(authorizing an aggravated robbery conviction for *recklessly* threatening and placing in fear, which is not an offense under Texas Penal Code, § 29.02(a)(2), and which was not alleged in the indictment)." *Cumbie* at 735.

5. Transpires any time there is an inclusion in the charge of elements of conduct which constitute a criminal offense, but is an offense different from the one alleged in the State's indictment. E. g., "when the charge to the jury substitutes a theory of the offense completely different from the theory alleged in the indictment." *Cumbie* at 733; "when the charge to the jury authorizes conviction on the theory alleged in the indictment and on one or more other theories not alleged in the indictment." *Cumbie* at 734. "The evil of the charge that enlarges on the indictment is that it authorizes conviction on proof different from (and sometimes less than) that required to prove the allegations in the indictment." *Cumbie* at 735.

call the trial court's attention to [the] omission" as is mandated by Article 36.15, V.A. C.C.P. It is therefore appropriate to view the charge as a whole in order to determine whether any of the fundamental evils condemned by our holdings infected appellant's conviction in the instant case. *Slagle v. State,* 570 S.W.2d 916 (Tex.Cr.App.1978).

■■ Upon considering the trial court's abstract charge on the law of aggravated robbery,[6] together with the application of the law of robbery and the aggravating circumstance of using or exhibiting a deadly weapon, to the facts of the case, it is apparent that the rights of the accused were adequately protected. Nowhere in the charge was the jury authorized to convict appellant for placing the complainant in fear of bodily injury or death which was not imminent,[7] an authorization which would have diminished the State's burden of proof. Nor did the charge affirmatively authorize a conviction for harm threatened to be inflicted at some future time, a charge which would have authorized a conviction for acts not constituting a criminal offense. Finally, the charge in question did not authorize the jury to convict appellant of any offense other than the one alleged in the State's indictment, the one of which he had notice.

We therefore hold that a reading of the charge as a whole reveals neither a diminution of the State's burden of proof, nor an authorization for conviction for conduct not constituting a criminal offense, nor any failure to give appellant adequate notice of the conduct for which he was convicted. Thus, the complained of omission did not constitute fundamental error of any genre heretofore recognized by this Court, nor are we persuaded that expansion of our holdings is compelled.[8] *Cumbie,* supra; *Peterson,* supra; *Slagle,* supra. This asserted error is overruled.

■ In a multifarious ground of error that will be reviewed nonetheless,[9] appellant advances a trio of contentions which relate to the practice of phrasing indictment allegations in the conjunctive and jury instructions in the disjunctive. Specifically, complaint is made that while the indictment alleges, among other things, that appellant:

(1) threatened *and* placed

(2) the Complainant in fear of imminent bodily injury *and* death

(3) by using *and* exhibiting a deadly weapon,

the court's charge to the jury authorized a conviction for the offense of aggravated robbery upon a finding that appellant:

(1) threatened *or* placed

(2) the Complainant in fear of bodily injury *or* death

---

6. Cf. *Bradley,* supra, [wherein it was held that the trial court's abstract instructions on the law—defining "unlawful control," "effective consent," "description" and "deprive"—were not sufficient to remedy the omission in the charge which applied the law to the facts of the case, of the instruction that the "taking was without the owner's effective consent" in a theft case.]

7. While it is true that the threat must be of *imminent* infliction of bodily injury or death, it is also true that the display of a deadly weapon of and within itself constitutes a threat of the required imminent harm. See *Rogers v. State,* 575 S.W.2d 555 (Tex.Cr.App.1979); *Blount v. State,* 542 S.W.2d 164 (Tex.Cr.App.1976). Cf. *Peterson v. State,* 574 S.W.2d 90 (Tex.Cr.App. 1978) [wherein the indictment alleged a "placing in fear of bodily injury by using a deadly weapon" while the charge authorized conviction for "placing in fear of bodily injury *and* death . . .," and this Court held that "im-

plicit in the allegation that a 'Deadly Weapon' was used to threaten the complainant is the possibility that the complainant was threatened with death as well as bodily injury," at 92. Thus, because the original allegation encompassed the "expansion" revealed by the charge, Peterson was not deprived of notice. Conversely, in the case before us, because the charge as given encompassed the omission, the State's burden of proof was not diminished. See also treatment of the merits in *Cumbie,* supra.

8. Although we surmised *ante* that omission of the word "imminent" was perhaps an inadvertence, to be emphasized is that our holding is not at all based on that likelihood. As in *Millard v. State,* 587 S.W.2d 703 (Tex.Cr.App. 1979) this Court does not condone carelessness.

9. See Article 40.09, § 9, V.A.C.C.P.

(3) by using *or* exhibiting a deadly weapon.

This conjunctive/disjunctive system of pleading and charging has been sanctioned by this Court; fundamental error is not present in such instances. See, e. g., *Cowan v. State*, 562 S.W.2d 236, 240 (Tex.Cr.App. 1978) (not error for trial court to charge jury in disjunctive language of statute, substituting word "or" for the word "and" found in indictment). No error is shown. Appellant's first ground of error is without merit.

 By his second ground of error, appellant contends that the indictment on which his conviction is based is fatally defective inasmuch as it fails to allege a culpable mental state for the constituent offense of theft.[10] It is not enough, appellant asserts, merely to allege that the aggravating circumstances comprising the gravamen of the offense of aggravated robbery occurred "while in the course of committing theft." We do not agree.

Our former penal code, Article 1408, required a completed theft as an element of the crime of robbery. See generally *Ex parte Canady*, 563 S.W.2d 266 (Tex.Cr.App. 1978). Under § 29.02, V.T.C.A. Penal Code, however, no completed theft is required in order for the proscribed conduct to constitute the offense of robbery.

Beginning with the case of *Earl v. State*, 514 S.W.2d 273, (Tex.Cr.App.1974), this Court accordingly pointed out that:

"[a]lthough the proof [of aggravated robbery] will involve proving up a theft or attempted theft, *the elements of the particular theft* [cite omitted] *or attempted theft* [cite omitted] *need not be alleged in the indictment.*"

514 S.W.2d at 274.

Consistent with *Earl v. State*, supra, we have held that an indictment alleging the offense of aggravated robbery need not allege or in any other manner describe the property taken as was required under our former penal code, *Ex parte Lucas*, 574 S.W.2d 162 (Tex.Cr.App.1978); further-

more, it is similarly unnecessary to allege the owner of the property taken. *Id.*; see also *Hill v. State*, 568 S.W.2d 338 (Tex.Cr. App.1978). It follows then that the culpable mental state for the theft offense committed or attempted, is likewise not an essential element of the offense of aggravated robbery, the culpable mental state for which was charged in the instant case as "knowingly and intentionally."

The State's motion for rehearing is granted and the judgment is affirmed.

---

**10.** See indictment recited, *ante*, at 2.