Jerry TURNER, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–84–042–CR.

Court of Appeals of Texas,
Texarkana.

June 26, 1984.

Discretionary Review Refused
Oct. 31, 1984.

G. Patrick Black, Beaumont, for appellant.

John R. DeWitt, Richard Baker, Beaumont, for appellee.

CORNELIUS, Chief Justice.

Jerry Turner was convicted of aggravated robbery and assessed punishment, enhanced by prior convictions, at life imprisonment.

The indictment charged Turner with aggravated robbery and aggravated kidnapping. The State elected to proceed to trial on the aggravated robbery charge. Turner contends his motion for severance should have been granted since he had a mandatory right to a severance pursuant to Tex.Penal Code Ann. § 3.04 (Vernon 1974).

When two or more offenses charged by separate counts in one indictment did not arise out of the same criminal episode,[1] but did arise out of the same transaction, the defendant's remedy is not severance, but to compel the State to elect which count it will try, or have the court submit each count to the jury with instructions that it may convict on only one count. *Koah v. State*, 604 S.W.2d 156 (Tex.Cr.App. 1980); *Morgan v. State*, 644 S.W.2d 766 (Tex.App.—Dallas 1982, no pet.). Here the State elected to proceed on the aggravated robbery count. There was no error.

Turner argues that reversible error occurred when State's counsel commented on his failure to testify. In the State's closing argument the prosecutor stated:

In fact, that the gun doesn't work doesn't mean anything. It doesn't affect the crime one iota. You know—you can tell by the questions. We knew there was a problem with the clip. I'm the one that pointed it out to you. We wouldn't have charged the man with Aggravated Robbery if we knew, if that was a problem. We would have gone on Kidnapping.

That's not relevant. What is relevant is what Sandra Maksanty saw when she saw this gun pointed at her face. That's what counts.

There's not been any evidence submitted to you of whether or not Mr. Turner knew the gun worked or not.

MR. BLACK: Objection, Your Honor, improper comment on the failure of the defendant to testify.

THE COURT: Overruled.

By MR. MILLER: The gun contained two bullets. Especially Miss Maksanty had no idea what the interior of the clip looked like.

THE COURT: Mr. Miller, may I interrupt? Mr. Black's objection is sustained, and the jury will disregard that last comment.

MR. BLACK: Your Honor, I also make a Motion for mistrial, at this time.

THE COURT: That's denied. Go ahead.

For a statement to be an improper comment on the defendant's failure to testify, the prosecutor's language must be manifestly intended, or of such a character that a jury would necessarily take it to be a comment on the accused's silence. It is not improper if the language only might be construed as an allusion to the defendant's failure to testify. If the language can be reasonably construed as referring to the defendant's failure to produce evidence other than his own testimony, it is not error. *Banks v. State*, 643 S.W.2d 129 (Tex.Cr. App.1982). The comment here falls within that rule. Other direct or circumstantial evidence could have shown that Turner knew the gun did or did not work. Further, the trial court's timely instruction to disregard cured any error. *Blansett v. State*, 556 S.W.2d 322 (Tex.Cr.App.1977).

Turner also complains that the trial court erred in denying his first motion to quash

---

**1.** "Criminal episode" is the repeated commission of any one offense against property. Tex.Penal Code Ann. § 3.01 (Vernon 1974).

the indictment because the description of the deadly weapon and the property are insufficient. The indictment alleges that Turner:

... did then and there while in the course of committing theft of property owned by Sandra Lee Maksanty, hereafter styled the Complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely: a firearm, ....

■ An indictment charging aggravated robbery alleging the use of a firearm is sufficient to give the defendant notice of a particular offense. *Ex parte County,* 577 S.W.2d 260 (Tex.Cr.App.1979); *Peterson v. State,* 574 S.W.2d 90 (Tex.Cr.App.1978); *O'Briant v. State,* 556 S.W.2d 333 (Tex.Cr. App.1977). The indictment need not allege or describe the property taken. *Robinson v. State,* 596 S.W.2d 130 (Tex.Cr.App.1980); *Ex parte Lucas,* 574 S.W.2d 162 (Tex.Cr. App.1978).

Finally, Turner argues that the trial court erred in denying his second motion to quash the aggravated kidnapping portion of the indictment. We need not decide this ground of error since Turner was not convicted under that count of the indictment.

The judgment is affirmed.