Opinion issued October 27, 2005

 









In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00846-CR




WESLEY RAY HERRIN JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 971670



MEMORANDUM OPINIONAppellant, Wesley Ray Herrin Jr., pleaded not guilty to aggravated robbery. 
See Tex. Pen. Code Ann. §§ 29.02-.03 (Vernon 2003). A jury found appellant guilty
and assessed his punishment at life in prison. We determine (1) whether the evidence
was legally sufficient, (2) whether the evidence was factually sufficient, and (3)
whether appellant received ineffective assistance of counsel at the guilt-innocence
stage. We affirm.
Factual Background

            On November 8, 2003, Tamara Pierce and Amanda Ybarra were working at a
Papa John’s restaurant in Pasadena. At about 10:00 p.m., appellant entered the front
door, pointed a gun at Ybarra and Pierce, and told them to go to the back of the store
to unlock the back door. When Ybarra opened the back door, a second assailant
pushed her and Pierce back inside the restaurant and ordered them into the restroom. 
At that time, the second assailant did not have on a mask, and Pierce recognized him
as former Papa John’s employee, Ray Garcia (“Ray”). Appellant demanded that
Pierce give him the keys to the safe. During the robbery, Larry McCormack, who was
a Papa John’s driver, returned from making his deliveries. Appellant took
McCormack’s money belt and ordered him into the restroom with Ybarra and Pierce. 
Appellant and Ray barricaded the employees in the restroom. After the assailants left
the restaurant and another driver arrived and released the three employees, Pierce
called her supervisor and the police. Pierce told Officer John Zinn that she
recognized one of the robbers as being Ray, a former Papa John’s employee. Officer
 
 
Zinn went to Ray’s residence and brought him back to the Papa John’s restaurant,
where he was positively identified by Ybarra and Pierce as one of the persons
involved in the robbery.
          On November 30, 2003, Pierce received a call on her personal cellular phone 
from a man who told her that she needed to change her story about the robbery by
saying that Ray had not been involved. Pierce was told that, if she did not change her
testimony, something bad would happen to either her or her family. Pierce informed
Officer Anthony McQueen of the conversation. After tracing the call to appellant’s
telephone number, Officer McQueen conducted a photographic line-up, from which
both Pierce and Ybarra independently identified appellant as one of the assailants. 
Appellant was arrested at his residence on December 19, 2003 for an outstanding
warrant. Appellant voluntarily signed a consent-to-search form for his apartment. 
Officer Kenneth Urban found a Lorcin .22 caliber gun in a desk drawer of appellant’s
apartment.
           In his defense, appellant testified that, on the night of the robbery, he was at
home with his daughters. Appellant admitted that he was friends with both Ray and
Ray’s brother, Dennis Garcia (“Dennis”), but contended that he did not participate in
the robbery. Appellant testified that Dennis had keys to his apartment and that the 
 
desk where the gun was found belonged to Dennis. Appellant also testified that
Dennis had told him that he had made the threatening call to Pierce’s cellular phone. 
Legal Sufficiency
          In his first point of error, appellant argues that “the evidence was legally
insufficient to support the conviction where the state failed to prove the appellant
committed aggravated robbery with a deadly weapon as alleged in the indictment.” 
          In conducting a legal-sufficiency review, we view all of the evidence in the
light most favorable to the verdict and then determine whether a rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. 
Escamilla v. State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004). In conducting our
review of the legal sufficiency of the evidence, we do not re-evaluate the weight and
credibility of the evidence, but ensure only that the jury reached a rational decision. 
Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993). A person commits the
offense of aggravated robbery if that person (1) in the course of committing theft, (2)
with intent to obtain and to maintain control of property, (3) knowingly and
intentionally (4) threatens or places another in fear of imminent bodily injury or death
and (5) then and there uses or exhibits a deadly weapon. Tex. Pen. Code Ann. §§
29.02-.03 (Vernon 2003). A person commits the offense of theft if he unlawfully
appropriates property with intent to deprive the owner of property. Tex. Pen. Code
Ann. §§ 31.03 (a) (Vernon Supp. 2004-2005). Appropriation of property is unlawful
if it was without the owner’s effective consent. Tex. Pen. Code Ann. §§ 31.03
(b)(1) (Vernon Supp. 2004-2005). The indictment alleged, and the jury charge
required the jury to find, that appellant robbed Pierce.
          Appellant argues that the evidence is legally insufficient to support his
conviction because (1) Pierce did not know how much money was taken in the
robbery; (2) Pierce never saw appellant or Ray take any money; (3) Pierce indicated
that appellant never pointed the gun at anyone’s face or head; (4) Pierce testified that
the suspect had a mustache, but she indicated that she could not see any of appellant’s
hair, did not notice his eyes, could not tell what color they were, and did not notice
if he had sideburns or anything distinctive about his face or hands; (5) Pierce saw
appellant’s face for only roughly 10 to 15 seconds; (6) Ybarra described appellant as
“kind of old,” but she did not recall the color of his eyes and did not think he had any
facial hair; (7) McCormack could not identify the robber from the photographic line-up and said that the robber was wearing a black mask; and (8) Pierce testified that she
did not know who had made the threatening call to her cellular phone. Appellant also
argues that the evidence is legally insufficient to show that he committed aggravated
robbery because of the contrary proof that (1) appellant was not in possession of the
stolen money at the time of his arrest; (2) appellant testified that the gun found in his
apartment belonged to Dennis; (3) no forensic evidence was introduced to prove that
appellant handled the gun; (4) Ray was not called as a witness to testify regarding
who committed the robbery with him; and (5) appellant testified that he could not
have helped Ray commit the robbery because he was at home with his daughters
when the robbery occurred.
          To the extent that appellant’s challenge attacks the credibility of the State’s
witnesses, we note that, under a legal or factual-sufficiency review, the jury is the
exclusive judge of the facts, the credibility of the witnesses, and the weight to be
given to their testimony. McKinny v. State, 76 S.W.3d 463, 468-69 (Tex.
App—Houston [1st Dist.] 2002, no pet.). The jury may believe or disbelieve any part
of a witnesses’s testimony. See id.
          Moreover, appellant’s challenge views the evidence contrary to the required
standard of review, which requires us to view the evidence in the light most favorable
to the verdict. Viewing all of the evidence in the light most favorable to the verdict,
the evidence shows that appellant exhibited a gun in the course of robbing the Papa
John’s employees, that he intended to obtain control of their property by demanding
Pierce’s key to the safe and McCormack’s money belt, that he knowingly and
intentionally placed Ybarra and Pierce in fear of imminent bodily injury by pointing
the gun at them, that Ybarra and Pierce identified appellant as one of the assailants
in the photographic line-ups and in court, that Pierce received a threatening cellular
phone call that was traced to appellant’s telephone number, and that Officer Urban
found a gun in appellant’s apartment that was similar to the one used in the robbery. 
From this evidence, a rational jury could have found all the elements of aggravated
robbery. See Bowden v. State, 628 S.W2d 782, 784-85 (Tex. Crim. App. 1982)
(holding that testimony of single eye-witness is sufficient to support aggravated-robbery conviction).
          Accordingly, we hold that the evidence was legally sufficient to support
appellant’s conviction. See id.
          We overrule appellant’s first point of error.  
                              Factual Sufficiency
          In his second point of error, appellant argues that “the evidence was factually
insufficient to support appellant’s conviction for aggravated robbery with a deadly
weapon, where a rational trier of fact could not have concluded beyond a reasonable
doubt that the appellant intentionally and knowingly committed aggravated robbery
with a deadly weapon as alleged in the indictment.” Appellant recognizes the general
rule that the credibility of witnesses will not be reviewed on appeal, but nevertheless
“urges this Court to exercise [its] discretion, and find that the State’s evidence against
him simply is not credible enough to sustain a conviction.”
           When determining the factual sufficiency of the evidence, we review all of the
evidence neutrally. Escamilla v. State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004). 
 When the State bears the burden of proof, the proof of guilt is factually insufficient
if it is so obviously weak as to indicate that a manifest injustice has occurred or if it
is greatly outweighed by contrary proof. Id.; Zuniga v. State, 144 S.W.3d 477, 481
(Tex. Crim. App. 2004). In our review, we must consider the most important
evidence that the appellant claims undermines the jury’s verdict. See Sims v. State,
99 S.W.3d 600, 603 (Tex. Crim. App. 2003). 
          In support of his factual-sufficiency challenges, appellant relies on the same
evidence and arguments that he raised in his legal-sufficiency challenges, pointing
to both evidence weighing against the jury’s verdict, as well as evidence and reasons 
that he claims makes the State’s evidence so obviously weak as to undermine
confidence in the verdict. Accordingly, despite his phrasing his challenge solely as
one based on the “greater weight and preponderance of the evidence,” we construe
appellant’s factual-sufficiency challenges to be both that the contrary proof greatly
outweighs the evidence supporting the verdict and that “the proof of guilt is so
obviously weak so as to undermine the confidence in the jury’s determination.” See
Johnson v. State, 23 S.W.3d 1. 11 (Tex. Crim. App. 2000).  
 
A.      Elements of Aggravated Robbery
          Appellant argues that the evidence is not sufficient to establish that he
committed theft or threatened the Papa John’s employees with imminent bodily
injury. 
          Appellant first relies on Pierce’s testimony that she did not know how much
money was taken in the robbery and that she did not see appellant or Ray take any
money. However, Pierce testified that, prior to appellant’s demanding the keys to the
safe and barricading the employees in the restroom, there was money in the safe; after
the robbery, the money was gone. In addition, McCormack testified that appellant
took his money belt, in which he kept his “bank” to make change for customers and
his tips. Juries may infer intent from the defendant’s conduct and from surrounding
circumstances. LaPoint v. State, 750 S.W.2d 180, 182 (Tex. Crim. App. 1986);
Washington v. State, 127 S.W.3d 111, 117 (Tex. App.—Houston [1st Dist.] 2003, no
pet.). From these circumstances and appellant’s actions, a jury could reasonably have
inferred that appellant intended to or did in fact commit theft. See Ford v. State, 152
S.W.3d 752, 756-57 (Tex. App.—Houston [1st Dist.] 2004, pet. ref’d). Moreover,
McCormack’s testimony was circumstantial evidence that appellant appropriated
property with intent to deprive the owner of property.
          Appellant further contends that the evidence is insufficient to support the
conclusion that he intentionally threatened or placed the Papa John’s employees in
fear of imminent bodily injury or death because he did not point the gun at anyone’s
face or head. However, Ybarra testified that she was very scared and that “[she]
thought [she] was going to have a hole in [her] back.” Pierce also testified that she
was scared because she knew a gun could seriously wound or kill a person. “The
display of a deadly weapon of and within itself constitutes a threat of the required
imminent harm.” Robinson v. State, 596 S.W.2d 130, 134 n.7 (Tex. Crim. App.
1980). The evidence in this case establishes that appellant held a gun in his hands,
pointed the gun at the “lower-middle stomach” area of Pierce and Ybarra, and
demanded the key to the safe and the money belt. Appellant’s pointing a gun at
Pierce and Ybarra while demanding money constitutes a threat of the required
imminent harm. See id.
B.      Witnesses’ Identifications
          Appellant next contends that the witnesses’ identifications of him are not
sufficient to support his conviction because Pierce and Ybarra described his facial
hair differently, they could not remember the color of appellant’s eyes or any
particular facial feature of his, McCormack testified that the robber was wearing a
mask and that he could not identify appellant in the photographic line-up, and Pierce
testified that she did not know who made the threatening call. 
          The record contains conflicting evidence concerning appellant’s facial hair. 
Nonetheless, Pierce identified appellant as one of the robbers in court and in a
photographic line-up. Ybarra, who was facing appellant across the counter for about
five to ten seconds, also identified him as one of the robbers in court and in a
photographic line-up. The jury could have reasonably determined that the
discrepancy in the eyewitnesses’ descriptions of appellant’s facial hair was minor
when considered with the identifications of appellant in a photographic line-up and
in court. See Garcia v. State, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978)
(concluding that four-inch discrepancy in description of robber’s height compared to
defendant’s actual height and discrepancy in description of his hair length was minor
discrepancy when considered with all evidence). Any discrepancies in the
descriptions of appellant are matters best left for the jury’s evaluation of the
credibility and demeanor of the witnesses who appeared before them. See Johnson,
23 S.W.3d at 8.  
          Although Pierce and Ybarra could not remember the color of appellant’s eyes
or any particular facial feature, they were able to identify him based upon his
clothing, height, and build. At trial, Pierce described appellant as wearing a blue
wind jacket and a hat and being a little taller than five feet, seven inches. Ybarra
described appellant as wearing a jacket, jeans, and a baseball hat. Identification
based upon an individual’s build, when corroborated with additional evidence, can
be legally sufficient. See Hutchinson v. State, 42 S.W.3d 336, 342-43 (Tex.
App.—Texarkana 2001) (holding that evidence was sufficient when based upon
testimony of defendant’s build, gait, and hat), aff’d, 86 S.W.3d 636 (Tex. Crim. App.
2002). Appellant further contends that the witness testimony is weak because
McCormack testified that the robber was wearing a mask and because he could not
identify appellant in a photographic line-up. McCormack did not testify that
appellant was wearing a mask, but, rather, that one of the robbers was wearing a
mask, that the other was not, and that there was a shadow on the second robber’s face
so that McCormack could not identify him, either. Although he could not identify
appellant in a photographic line-up, McCormack described the second robber as
being five feet, eight inches or five feet, nine inches tall, being heavy set, and wearing
a baseball cap. His testimony regarding the description of the second robber is
consistent with Pierce’s and Ybarra’s descriptions of appellant.  
          Appellant argues that because Pierce testified that she did not know who made
the threatening call to her, the evidence was insufficient to prove that it was him. 
Although Pierce did not know who made the threatening call, Officer McQueen
testified that he traced the cellular phone call to appellant’s telephone number.
Appellant further contends that the records do not prove who made the calls to Pierce. 
However, it is natural and permissible for the jury to assume that calls from a person’s
telephone were made by that person. See Longoria v. State, 154 S.W.3d 747, 757
(Tex. App.—Houston [14th Dist.] pet. ref’d). Appellant testified that Dennis
admitted to appellant that he had used appellant’s telephone that night to call and to
threaten Pierce. However, Dennis did not testify at trial. Even if Dennis had placed
the threatening call, the evidence still links appellant to the offense because the call
was placed from appellant’s telephone number. Appellant’s testimony regarding the
call to Pierce was vague and did little to negate the clear implications of the telephone
records. See Longoria, 154 S.W.3d at 757.
C.      Lack of Physical Evidence and Ray’s Testimony
          Appellant argues that the evidence is insufficient to support his conviction
because he was not in possession of the stolen money when he was arrested, the gun
found in his apartment did not belong to him, no forensic evidence proved that he had
used the gun, and Ray did not testify regarding who committed the robbery with him. 
          As for appellant’s assertion that he was not in possession of the stolen money
at the time that he was arrested, a rational jury could have determined that the 41-day 
 
lapse


 between the robbery and the time of appellant’s arrest allowed appellant
sufficient time to dispose of or to hide the money. 
          As for appellant’s contention that the evidence is insufficient to support the
conclusion that he used or exhibited a deadly weapon because the gun found in his
apartment did not belong to him and no prints were taken from the gun to prove that
he had handled it, Officer Zinn testified that he did not attempt to “lift fingerprints”
because witnesses had told him that the robbers were wearing gloves. Based on the
witnesses’ testimony at trial, the jury could reasonably have concluded that any
forensic evidence to connect appellant with the offense was immaterial. See Aguilar
v. State, 468 S.W2d 75, 77 (Tex. Crim. App. 1971) (holding that testimony of
eyewitness alone is sufficient to support jury’s verdict).  
          As for the lack of Ray’s testimony, it was not required to establish appellant’s
conviction. Indeed, the State cannot convict a defendant with accomplice testimony
alone, but must also have evidence tending to connect the defendant with the offense
committed. Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon Supp. 2004-2005); see
St. Julian v. State, 132 S.W.3d 512, 516 (Tex. App.—Houston [1st Dist.] 2004, pet.
ref’d). Here, there was other evidence sufficient to prove beyond a reasonable doubt
that appellant committed the robbery, namely Ybarra and Pierce’s eyewitness
testimony, the threatening call traced to appellant’s telephone number, and a gun,
which was similar to the one used in the robbery, found in appellant’s apartment. The
absence of Ray’s testimony did not render the evidence insufficient to support
appellant’s conviction. 
D.      Alibi Defense
          In his defense, appellant testified that he was at home with his daughters when
the robbery occurred. The weight of contradictory testimonial evidence is within the
sole province of the jury because it requires an evaluation of credibility and demeanor. 
Cain v. State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997). The testimony of
eyewitnesses, such as Pierce and Ybarra, is sufficient to support a felony conviction. 
See Bowden, 628 S.W.2d at 784. Therefore, the jury was free to believe all or any part
of the testimony of Pierce, Ybarra, and the State’s other witnesses and to disbelieve
all or any part of the testimony of appellant’s witnesses. A court of appeals must defer
to such an implicit jury finding. See Cain, 958 S.W.2d at 409. Therefore, although
appellant presented evidence supporting an alibi defense, the jury was free to
disbelieve it.
 
 
E.      Conclusion
          After viewing all of the evidence neutrally, we hold that the evidence supporting
the verdict is not too weak to support the finding of guilt beyond a reasonable doubt
and that the contrary evidence is not so strong that the beyond-a-reasonable-doubt
standard could not have been met. See Escamilla, 143 S.W.3d at 817. Therefore, the
jury was rationally justified in finding appellant guilty of aggravated robbery beyond
a reasonable doubt. See id. Accordingly, we hold that the evidence is factually
sufficient to prove the essential elements of the offense of aggravated robbery beyond
a reasonable doubt. 
          We overrule appellant’s second point of error. 
Ineffective Assistance of Counsel
          In his third point of error, appellant contends that he received ineffective
assistance of counsel at the guilt-innocence stage of trial. 
          To determine if a defendant has been denied effective assistance of counsel, we
follow the standard set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.
Ct. 2052, 2064 (1984). See Hernandez v. State, 726 S.W.2d 53, 54-55 (Tex. Crim.
App. 1986). First, the appellant must demonstrate that his counsel’s representation fell
below an objective standard of reasonableness under prevailing professional norms. 
Strickland, 466 U.S. at 688, 104 S. Ct. at 2064; Howland v. State, 966 S.W.2d 98, 104
(Tex. App.—Houston [1st Dist.] 1998), aff’d on other grounds, 990 S.W.2d 274 (Tex.
Crim. App. 1999). Second, the appellant must establish that his counsel’s
performance was so prejudicial that it deprived him of a fair trial. Howland, 966
S.W.2d at 104. Thus, the appellant must show that a reasonable probability exists that,
but for his counsel’s unprofessional errors, the result of the proceeding would have
been different. Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; Howland, 966 S.W.2d
at 104. The appellant has the burden to establish both of these prongs by a
preponderance of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim.
App. 1998).
          It is presumed that trial counsel’s strategy was sound and that the representation
was reasonable. Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.]
1996, no pet.). In assessing whether a defendant has overcome these presumptions,
we are limited to the facts of the case. Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999). We cannot speculate beyond the record provided. Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994). An appellant “making a claim of
ineffective assistance must identify the acts or omissions of counsel that are alleged
not to have been the result of reasonable professional judgment.” Strickland, 466 U.S.
at 690, 104 S. Ct. at 2066. Any allegation of ineffectiveness must be firmly founded 
 
in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).
          Appellant contends that he received ineffective assistance of counsel at the
guilt-innocence stage because counsel (1) failed to file a motion for an investigator;
(2) failed to make an opening statement; (3) failed to file a pre-trial motion to suppress
illegally obtained evidence; (4) failed to object to victim-impact testimony before
sentencing; and (5) failed to have the jury polled at the guilt-innocence stage.
          Appellant has failed to overcome the presumption that trial counsel’s actions
and inactions could be considered sound trial strategy. Although appellant filed a
motion for new trial, the only claim that he advanced in that motion was that the
verdict was contrary to the law and the evidence. Because no ineffective-assistance
claim was advanced in the motion, no hearing was conducted to explore appellant’s
counsel’s trial strategy. In the absence of a proper evidentiary record, it is extremely
difficult to show that trial counsel’s performance was deficient. See Gibbs v. State,
7 S.W.3d 175, 179 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d); see also
Rylander v. State, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003) (holding that
record was insufficient to support ineffective-assistance-of-counsel claim when record
was silent regarding reason that counsel failed to call expert witness, failed to file
pre-trial motions, and failed to prepare witnesses adequately); Mares v. State, 52
S.W.3d 886, 891 (Tex. App.—San Antonio 2001, pet. ref’d) (failing to file pre-trial
motions is not categorically deemed ineffective assistance of counsel because trial
counsel may decide not to file pre-trial motions as part of his trial strategy). To find
appellant’s trial counsel ineffective on the basis of the record before this Court would
require us to speculate, which we will not do. See Gamble, 916 S.W.2d at 93.
          We overrule appellant’s third point of error. 
 Conclusion
          We affirm the judgment of the trial court.                                                          
 
                                                             Tim Taft
                                                             Justice
 
 
Panel consists of Justices Taft, Keyes, and Hanks.
 
Do not publish. See Tex. R. App. P. 47.2(b).