IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00256-CV

 

Motor Coach Industries Mexico, S.A. de C.V., 

f/k/a Dina Autobuses, S.A. de C.V.,

                                                                                                         Appellant

 v.

 

James Hinton, Individually and as Representative of
the Estate of Dolores Hinton, Deceased, david hinton,

robert kuryla, karen kuryla, hattie binns, reta
haynes, melinda greger, alan horton, elaine horton, ruth powell, judy benson,
james l. freeman, individually and as personal representative of the estate of
jo catherine freeman, deceased, james f. freeman, melanie  jo brooks, susan
akers bills, individually and as executrix of the estates of robert melvin
akers, deceased, and mildreD delois akers, deceased, robert melvin akers, jr.,
patsy beasley, individually and as executrix of the estate of wayne beasley,
deceased, shirley sommer, and peggy armstrong,

                                                                                                         Appellees

And

 

10-08-00353-CV

 

MCI Sales and Service, Inc.,
f/k/a Hausman Bus Sales, Inc.,

                                                                                                            Appellant

v.

 

James Hinton, Individually and as Representative of
the Estate of Dolores Hinton, Deceased, david hinton,

robert kuryla, karen kuryla, hattie binns, reta
haynes, melinda greger, alan horton, elaine horton, ruth powell, judy benson,
james l. freeman, individually and as personal representative of the estate of
jo catherine freeman, deceased, james f. freeman, melanie  jo brooks, susan
akers bills, individually and as executrix of the estates of robert melvin
akers, deceased, and mildreD delois akers, deceased, robert melvin akers, jr.,
patsy beasley, individually and as executrix of the estate of wayne beasley,
deceased, shirley sommer, and peggy armstrong,

                                                                                                         Appellees

 

 



From the 170th District Court

McLennan County, Texas

Trial Court No. 2003-2308-4

 



DISSENT TO SEVERANCE AND REINSTATEMENT ORDER










 

            The Court’s opinion and judgment in
10-06-00256-CV issued on September 10, 2008.  On September 19, 2008, we
received a notice of bankruptcy of one of the Appellants.  On September 19,
2008, we also received Appellees’ motion for extension of time to file a motion
for rehearing.  On September 22, 2008, we purported to grant the Appellees’
motion for extension of time to file a motion for rehearing until October 27,
2008.  On September 22, 2008, we received a letter from Appellants regarding
the Court’s purported order granting the extension after the notice of bankruptcy
had been received.  On October 7, 2008 we acknowledged the automatic stay due
to having received the notice of bankruptcy, but did not acknowledge the date
of the receipt or the effective date of the stay.  Today we purport to sever
the proceeding on our own motion.  I would not.

            I would first clarify the procedural
posture of the stay by noting that the Court’s September 22, 2008 order
granting Appellees an extension of time in which to file their motion for
rehearing and extending the due date until October 27, 2008 was a void order
because it was issued after we had received notice of the bankruptcy stay.  I
would then inquire of the parties regarding whether the matter was appropriate
for severance; in particular, whether the Appellees’ claims against the
Appellants are severable.  In this proceeding it appears that the Appellees
brought a single claim, albeit multiple theories of product liability, against
multiple but related corporate Appellants.  The judgment for each Appellee is
for the same claim (multiple theories) and precisely the same damages jointly
and severally against each Appellant.  Before I vote to attempt to sever these
Appellants, I would request briefing on the issue of severability.  Further, it
appears we may be creating an undesirable course of proceeding because, while
represented by able counsel, none of the parties has sought this court’s
intervention in this manner.

            Accordingly, I respectfully dissent
from the severance and reinstatement order.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Dissent
to Severance and Reinstatement Order delivered and filed October 15, 2008

Publish






ot supported by the evidence, and (3)
discuss the application of law to the facts.
      Even though we have determined that the brief is insufficient, we are considering the brief by
construing the text to determine what the argument is, and then analyzing the argument. The
elements of aggravated robbery are: (1) a person; (2) in the course of committing theft; (3) with
intent to obtain or maintain control of the property; (4) knowingly and intentionally; (5) threatens
or places another in fear of imminent bodily injury or death; and (6) uses or exhibits a deadly
weapon. Robinson v. State, 596 S.W.2d 130, 132 (Tex. Crim. App. 1980); Tex. Pen. Code
Ann. §29.03(a)(2) (Vernon 1994).
      Rather than attacking any particular element of aggravated robbery, Matthews appears to
argue that evidence is factually insufficient to support a conviction because most of the State’s
witnesses were not present during the robbery of Anthony Dixon and because the only two
witnesses who were present—Dixon and his roommate—were not credible.
      Dixon and his roommate testified that Matthews held Dixon at gun point and took several
items including a computer. Matthews argues that Dixon is not a credible witness because he had
a charge pending for the offense of possession of a controlled substance in a school zone, and was
having a party during the time Matthews allegedly robbed him. Matthews appears to allege that
the roommate is not credible by virtue of his relationship with Dixon, and therefore, has reason
to lie.
      Police officer testimony revealed that the stolen items were found in Matthews’s vehicle. The
jury also had Matthews’s version of the facts available for use in their determination in the form
of a statement he gave the police. According to Matthews, he gave Dixon money for crack. 
Dixon pointed a gun at him first, and he wrestled the gun away from Dixon. Matthews said that
he had purchased the computer the week before and was merely picking it up. During closing
argument, Matthews’s attorney reiterated to the jury that Dixon and his roommate were not
credible.
      After observing testimony from Dixon and his roommate, the arresting and interrogating
officers, and fact witnesses that were not present during the robbery, reading the statement of
Matthews, and listening to the closing arguments of the parties, the jury returned a verdict of
guilty.
      During a review of factual sufficiency, the appellate court may make credibility
determinations only if the information that can be clearly discerned from a cold appellate record
reveals that the wrong result was reached. Johnson, 23 S.W.3d at 8-9. Otherwise, an appellate
court must defer to the jury evaluation of witness credibility. Id. Here, the jury had the
opportunity to watch the witnesses and determine if they were biased or otherwise not credible by
their mannerisms, tone, and inflection. The information on the record is not so clearly contrary
to the jury finding that it requires an overturning of the verdict. Matthews’s point is overruled.
      We affirm the judgment.
 
                                                                   REX D. DAVIS
                                                                   Chief Justice
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed December 31, 2002
Do not publish
[CR25]